J-S28019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TODD V. CALHOUN, | |
| Appellant | No. 1205 MDA 2014 |

Appeal from the PCRA Order June 20, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0006309-2009

BEFORE:  BOWES, ALLEN and LAZARUS, JJ.

CONCURRING MEMORANDUM BY BOWES, J.:          **FILED JUNE 05, 2015**

I concur in the result reached by the majority but disagree with the type of review that it conducted when allowing counsel to withdraw. Our Supreme Court outlined the steps that counsel and the court must take when PCRA counsel seeks to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*):

> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;

4) **The PCRA court conducting its own independent review of the record**; and

5) The PCRA court agreeing with counsel that the petition was meritless.

*Commonwealth v. Pitts*, 603 1, 3, 981 A.2d 875, 876 n.1 (Pa. 2009) (emphasis added; quoting *Finley, supra* at 215).

In *Pitts*, the procedural posture was that PCRA counsel withdrew before the PCRA court. When counsel's withdrawal occurs, as in the present case, before this Court, we necessarily stand in the shoes of the PCRA court. Accordingly, as enunciated in *Pitts*, we must conduct our own independent review of the record and agree with counsel that PCRA relief is unavailable. My conclusion in this regard is further cemented by our recent decision in *Commonwealth v. Freeland*, 106 A.3d 768 (Pa.Super. 2014).

In *Freeland*, the defendant was denied PCRA relief and appealed. PCRA counsel then sought to withdraw from representation before this Court under *Turner/Finley*. We first outlined counsel's obligations and then turned to the requirements placed on the court when faced with withdrawal in the PCRA context. We expressly stated: "The PCRA court, **or an appellate court if the no-merit letter is filed before it then must conduct its own independent evaluation of the record** and agree with counsel that the petition is without merit." *Id*. (emphasis added; citation omitted). We permitted counsel to withdraw therein but only after

indicating: "On independent review, we find no other claims of merit." *Id*. at 780. We thus did not confine our review to the issues raised by counsel, as does that majority herein. Rather, we conducted an independent review of the record.

As the majority fails to indicate that it conducted a review of the record, I have conducted that review and found no other meritorious claims. I did find another issue outlined in the amended PCRA petition. Specifically, in that document, Appellant averred that his trial counsel was ineffective for advising him to reject a plea offer. Appellant outlined in that petition that this advice was premised upon trial counsel's belief that a pending motion to dismiss under Rule 600 would be granted. Appellant testified to this effect at the PCRA hearing. He reported that he was offered a plea deal in July 2010 of time served plus one year probation. N.T. PCRA Hearing, 6/20/14, at 19. Appellant claimed that he declined that offer since, "I was led to believe that I would win rule 600 due to my constitutional right was violated; so I was made aware not to take the deal." *Id*. Appellant's motion to dismiss was subsequently denied, and we affirmed on direct appeal.

Trial counsel testified at the PCRA hearing and confirmed that the plea offer was made. Counsel contradicted Appellant's testimony that counsel advised Appellant to reject the offer. Instead, counsel said that he conveyed the plea offer to Appellant, but Appellant himself refused to plead guilty.

Counsel continued, "The reason he did not want to take the deal was because he was on state parole. That was the reason he did not want to take it." *Id*. at 39-40. Counsel specifically denied offering Appellant any advice on the matter and testified, "It was his decision." *Id*. at 40.

Counsel's memory of events is confirmed by Appellant's testimony at sentencing. While exercising his right to allocution, Appellant said that he had rejected a plea offer to time served. Appellant told the court, "Your Honor, on July 12th I was offered a plea agreement of time served. I did not do the plea agreement due to the fact wholeheartedly I feel I was not part of a crime." N.T. Sentencing, 11/24/10, at 18. Appellant's reason for rejecting the offer, as outlined at sentencing, differs from counsel's recollection of why Appellant refused to plead guilty. Nevertheless, Appellant admitted at sentencing that it was his decision not to plead guilty. Hence, I believe that this other contention raised in the PCRA petition lacks merit as the record establishes that it was Appellant's choice to reject the plea offer and that counsel did not advise him to reject it.

I recognize that this claim was not raised in the Pa.R.A.P. 1925(b) statement and is not preserved. Nevertheless, PCRA counsel, in order to withdraw, has a responsibility to analyze all issues the petitioner seeks to have reviewed. This question was presented in the amended PCRA petition and pursued by Appellant at the PCRA hearing. Hence, it is appropriate to

address it.    Given that the contention is meritless, counsel's failure to present it in this appeal, in any event, should not be considered an impediment to the grant of withdrawal. ***See Commonwealth v. Liebensperger***, 904 A.2d 40 (Pa.Super. 2006) (counsel permitted to withdraw due to fact PCRA petition was untimely, even though counsel's no-merit brief was defective since it did not raise issues that the PCRA petition wanted to pursue and did not properly establish why issues lacked merit).

Additionally, my review of the record confirms that there are no other issues in the PCRA petition and no non-waivable issues.  Hence, I concur in the result.