J-S35012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALTON D. BROWN | |
| Appellant | No. 1459 EDA 2014 |

Appeal from the PCRA Order April 14, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0001095-1997

BEFORE:  MUNDY, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY MUNDY, J.:                     **FILED AUGUST 13, 2015**

Appellant, Alton D. Brown, appeals from the April 14, 2014 order dismissing as untimely his latest serial petition, filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.   After careful consideration, we affirm.

The PCRA court has summarized the anfractuous procedural history of this case as follows.

> On November 19, 1997, following a three-day jury trial, this court found Appellant guilty of two charges of robbery[,18 Pa.C.S.A. § 3701(a)(2),] and two charges of possession of a weapon with criminal intent,[ 18 Pa.C.S.A. § 907(b),] arising from his actions in the course of two separate convenience store robberies at knife-point on January 16 and 27 of that year.  On January 8, 1998, the court held a

---

[*] Retired Senior Judge assigned to the Superior Court.

sentencing hearing and found that Appellant was a high risk, dangerous offender [in accordance with 42 Pa.C.S.A. § 9714]. As a result, Appellant was sentenced to ten to twenty years['] incarceration on each count of Robbery to be served consecutively [and consecutively to a 30-70 year sentence from a conviction in Delaware County]. On December 22, 1998, the Superior Court of Pennsylvania affirmed this sentence, and on June 16, 1999, the Supreme Court of Pennsylvania denied further appellate review of the case. [*See Commonwealth v. Brown*, 736 A.2d 4 (Pa. Super. 1998) (unpublished memorandum), *appeal denied*, 739 A.2d 1055 (Pa. 1999).]

Appellant filed his first of many *pro se* petitions for post conviction relief under the []PCRA[] on April 20, 2000, and the court appointed counsel, Carol A. Sweeney, Esquire, to assist him in his claim. Appellant filed a petition to proceed *pro se* on June 6, 2000, which this court denied. Subsequently, this court denied his PCRA petition on November 28, 2000 following a full hearing. Then, after a lengthy series of petitions, appeals, and remands in Appellant's initial PCRA claim, on November 21, 2007, the Supreme Court of Pennsylvania denied his Petition for Allowance of Appeal and Application for Writ of Mandamus. [*See Commonwealth v. Brown*, 797 A.2d 1021 (Pa. Super. 2002) (unpublished memorandum, affirming the PCRA court's denial of PCRA relief), *vacated*, 845 A.2d 199 (Pa. 2004) (per curiam order, remanding to PCRA court for a *Grazier* hearing), *Commonwealth v. Brown*, 928 A.2d 1119 (Pa. Super. 2007) (unpublished memorandum, affirming the PCRA court's determination that Appellant knowingly waived his right to counsel during his appeal from the denial of his first PCRA petition), *appeal denied*, 934 A.2d 1275 (Pa. 2007).]

However, Appellant had previously and prematurely filed a second PCRA petition on September 19, 2002 while his initial PCRA petition was still pending. Accordingly, on October 10, 2002,

- 2 -

this court deferred consideration of the second petition until the resolution of the first. This occurred on September 22, 2008 when this court notified Appellant that his second PCRA petition would be dismissed without a hearing. Appellant objected on October 6, 2008, and this court conducted an evidentiary hearing and argument on January 5, 2009 out of an abundance of caution.

After a thorough review of the record, including supplemental briefs submitted by the Appellant and the Commonwealth, this court dismissed Appellant's second PCRA motion in the Order of July 7, 2009 because Appellant had failed to timely file that petition. Appellant appealed this order, and on November 24, 2010, the Superior Court affirmed that Appellant failed to timely file his second PCRA petition[, and] on October 18, 2011, the Supreme Court of Pennsylvania denied Appellant's Petition for Allowance of Appeal. [**See Commonwealth v. Brown**, 22 A.3d 1079 (Pa. Super. 2010) (unpublished memorandum), appeal denied, 30 A.3d 1192 (Pa. 2011).]

Undeterred, Appellant filed a third round of PCRA petitions. After his petitions of December 19, 2011 and January 3, 2012, this court appointed Bonnie Keagy, Esquire, on January 18, 2012 to represent Appellant in these further actions. After Appellant filed two more PCRA petitions on January 20, 2012 and February 17, 2012, Ms. Keagy filed a petition to withdraw on March 23, 2012, which included the requisite **Finley** letter. [**See Commonwealth v. Finley**, 550 A.2d 213, 215 (Pa. Super. 1988).] This court reviewed Ms. Keagy's **Finley** letter and conducted a full and independent review of the claims, reaching the same conclusions. On March 26, 2012, this court granted Ms. Keagy's petition to withdraw and denied Appellant's PCRA petitions.

Displaying uncanny persistence, Appellant filed a further motion for post conviction relief on April 5, 2012 for the reconsideration of the court's March 26,

- 3 -

2012 denial of his PCRA motion. In response, in two separate orders on April 12, 2012, the court granted Appellant an evidentiary hearing to further establish his claim and appointed Coley Reynolds, Esquire, to represent him in the matter. … Following the repetitive pattern of Appellant's post conviction actions, he appealed this court's denial of his Motion for Modification of Sentence. On July 3, 2013, the Superior Court reviewed and affirmed this court's decision. [*See Commonwealth v. Brown*, 82 A.3d 1053 (Pa. Super. 2013) (unpublished memorandum).]

In the fourth and final round of *pro se* PCRA motions, bringing the case to the current appeal, Appellant filed a pro se correspondence with this court on December 31, 2013, attempting to resurrect his PCRA claims. In response, this court issued its order of January 15, 2014, stating that Appellant's February 17, 2012 PCRA petition had been denied and further reiterated that his petitions of March 26, 2012, April 20, 2012, April 30, 2012, May 2, 2012, and May 9, 2012 had all been dismissed. Appellant filed a motion to reconsider that order on February 7, 2014, which this court granted in the March 13, 2014 order. Accordingly, in that order, this court reappointed Ms. Keagy to represent Appellant in the reexamination of his claims. Unhappy with Ms. Keagy, Appellant requested to proceed *pro se* in the matter on March 21, 2014, and Ms. Keagy filed a petition to withdraw once again from the case on March 25, 2014, including her second *Finley* letter addressed to Appellant. In three separate orders on April 15, 2014, this court granted Ms. Keagy's petition to withdraw, allowed Appellant to continue *pro se*, and issued the order presently on appeal.

The April 14, 2014 order presently on appeal denied Appellant's February 17, 2012 Amended Petition for Post Conviction Relief because of his failure to timely file the petition with this court. That order also specifically denied all of Appellant's PCRA petitions and related motions, [filed on December 19, 2011, January 3, 2012, January 20, 2012,

- 4 -

February 17, 2012, April 5, 2012, April 26, 2012, May 7, 2012, May 9, 2012, February 4, 2014, and March 20, 2014, respectively,] including the underlying December 19, 2011 Petition for Post Conviction Relief. On May 12, 2014, Appellant filed a Notice of Appeal to the Superior Court and requested review of the April 14, 2014 order. Accordingly on May 18, 2014, this court ordered Appellant to file a Concise Statement of Matters Complained of on Appeal within 21 days. Appellant filed his Concise Statement on June 16, 2014, 28 days after the order demanding it.

PCRA Court Opinion, 7/11/14, at 1-5 (footnotes omitted).

On appeal, Appellant raises the following questions for our review.

I. [Whether the] trial court erred in denying [Appellant's] motion for appointment of unbias [sic] counsel not associated with its judicial system and/or request for leave to proceed *pro se*, and, by appointing bias [sic] counsel to represent [Appellant] after [Appellant] had notified [the trial court] of a conflict between the two, and after counsel had been previously allowed to withdraw?

II. Whether trial court erred in its summery [sic] denial of post-conviction relief?

Appellant's Brief at 1.

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. This Court treats the findings of the PCRA court with deference if the record supports those findings. It is an appellant's burden to persuade this Court that the PCRA court erred and that relief is due.

***Commonwealth v. Feliciano***, 69 A.3d 1270, 1274-1275 (Pa. Super. 2013)

(citation omitted).

Instantly, the PCRA court dismissed Appellant's current PCRA petition as untimely. "[I]t is well-settled that … a question of timeliness implicates the jurisdiction of our Court." *Commonwealth v. Gandy*, 38 A.3d 899, 902 (Pa. Super. 2012) (internal quotation marks and citation omitted), *appeal denied*, 49 A.3d 442 (Pa. 2012). "Because these timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." *Commonwealth v. Lopez*, 51 A.3d 195, 196 (Pa. 2012) (internal quotation marks and citation omitted). The PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar[.]" *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). This is to "accord finality to the collateral review process." *Id.* "It is well settled that [a]ny and all PCRA petitions must be filed [in a timely manner] unless one of three statutory exceptions applies." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061-1062 (Pa. Super. 2011) (internal quotation marks and citations omitted), *appeal denied*, 38 A.3d 823 (Pa. 2012). "We have repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness exceptions applies. Whether Appellant has carried his burden is a threshold inquiry prior to considering the merits of any claim." *Commonwealth v. Edmiston*, 65 A.3d 339, 346 (Pa. 2013) (citation omitted), *cert. denied*, *Edmiston v. Pennsylvania*, 134 S. Ct. 639 (2013).

Consequently, an appellant must acknowledge that his PCRA petition is untimely, and demonstrate with particularity that one or more of the statutory exceptions applies. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1125-26 (Pa. 2005).

The Act provides for the following possible exceptions to the timeliness requirement.

### § 9545.  Jurisdiction and proceedings

…

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be [timely] filed … unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section

and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

…

42 Pa.C.S.A. § 9545(b).

Appellant's instant PCRA petition is facially untimely. His sentence became final on September 14, 1999, 90 days after our Supreme Court denied Appellant's petition for allowance of appeal on June 16, 1999, being the time allowed to file a writ of *certiorari* with the United States Supreme Court. **See** U.S. S. Ct. R. 13(1). Therefore, Appellant had until September 14, 2000, one year from that date, to file a first or any subsequent PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(3). As noted, it is required that Appellant pleads and proves one of the statutory exceptions to the PCRA's time limits to invoke the PCRA or this Court's jurisdiction to consider his petition. **See Edmiston**, **supra**.

In an effort to implicate the Section 9545(b)(1)(ii) newly-discovered fact exception, Appellant makes a bald assertion that he "was incompetent during sentencing, direct appeal, and post-conviction proceedings." Appellant's Brief at 5. Citing **Commonwealth v. Cruz**, 852 A.2d 287 (Pa. 2004), Appellant avers his incompetence qualifies as an after-discovered fact

for the purpose of the Section 9545(b)(1)(ii) timeliness exception to the PCRA. *Id.* at 6.

> Claims that were defaulted due to [Appellant's] mental incompetence may qualify under the statutory after-discovered evidence exception on the basis that incompetence rendered petitioner unable to timely discover the factual basis for collateral claims. Indeed, the unique nature of Appellant's claims sounding in incompetency requires that he be afforded an opportunity to attempt to prove that he was incompetent at the relevant times and that incompetence qualifies under the after-discovered evidence exception to the PCRA time-bar.

Appellant's Brief at 6 (citation omitted).

In *Cruz*, our Supreme Court held that incompetence, rendering an individual "unable to discover the facts that would form the basis of his substantive PCRA claims," can qualify as an after-discovered fact. *Cruz*, *supra* at 296-297. In that case, the record showed the appellant, at the time of the homicides for which he was charged, shot himself in the head and, at the time of his nolo contendere plea, was unable to discuss the facts of the case with his attorney. *Id.* at 288. Further, no inquiry into competency was ever made on the record. *Id.* at 296. Under those circumstances, the Supreme Court held the appellant "should be afforded an opportunity to attempt to prove that he was incompetent at the relevant times and that the incompetence qualifies under the after-discovered evidence exception…." *Id.* at 297.

In this case, no such factual predicate, suggesting the possibility of Appellant's incompetence, exists in the record, and Appellant alludes to none. To the contrary, the record of this case with its repeated and extensive litigation, including determinations by the trial court that Appellant knowingly, intelligently, and voluntarily waived his right to counsel to proceed *pro se*, belies any suggestion of Appellant's incompetency. As this Court has clarified, **Cruz** does not stand for the proposition that a bald claim of incompetency will entitle a PCRA petitioner to a hearing to prove a Section 9545(b)(1)(ii) exception applies. **Commonwealth Liebensperger**, 904 A.2d 40, 47 (Pa. Super. 2006) (noting the "unique facts" of **Cruz** and holding that a petitioner's failure to assert the causes and timing of his alleged incompetence and the timing of his emergence therefrom precludes application of the after-discovered evidence exception recognized in Cruz). "[T]he general rule remains that mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements." **Commonwealth v. Monaco**, 996 A.2d 1076, 1081 (Pa. Super. 2010) (citation omitted), *appeal denied*, 20 A.3d 1210 (Pa. 2011).

Because Appellant failed to adequately plead an exception to the PCRA's time constraints, we discern no error by the trial court in dismissing Appellant's latest PCRA petition as untimely. Lacking jurisdiction to address

the merits of the petition, we affirm the PCRA court's April 14, 2014 order.[1]

See **Lopez**, **supra**.

Order affirmed.  Motion denied as moot.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/2015

---

[1] Given our disposition, we do not address the timeliness of Appellant's Rule 1925(b) statement under the prisoner mailbox rule as discussed by the PCRA court and the Commonwealth.  **See** PCRA Court Opinion, 7/11/14, at 8-9; Commonwealth Brief at 6-9.  Appellant's March 2, 2015 application for remand to address the issue is hereby denied as moot.