**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Frank LIEBENSPERGER, Appellant.**

Superior Court of Pennsylvania.

Submitted May 8, 2006.

Filed July 14, 2006.

---

Kent D. Watkins, St. Clair, for appellant.

Frank R. Cori, Asst. Dist. Atty., Orwigsburg, for Com., appellee.

BEFORE: JOYCE, BENDER and JOHNSON, JJ.

OPINION BY JOYCE, J.:

¶ 1 Appellant, Frank Liebensperger, purports to appeal from the August 31, 2005, order entered in the Court of Common Pleas of Schuylkill County, denying his first petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546 ("PCRA"), as untimely.

Contemporaneously with this appeal, counsel has filed a motion for leave to withdraw, in accordance with *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988) (*en banc*). Upon review, we affirm the order denying Appellant relief and grant counsel's request to withdraw.

¶ 2 On April 30, 2003, Appellant entered a negotiated plea of guilty but mentally ill to a series of charges stemming from the events of October 16, 2002, on which date Appellant set fire to the Alpha Mills Distribution Center in Schuylkill County, where he was formerly employed. The charges against Appellant included: arson endangering another person, arson endangering property, reckless burning, risking catastrophe, criminal mischief, burglary, criminal trespass, theft, receiving stolen property, and recklessly endangering another person.[1] On May 30, 2003, the trial court sentenced Appellant to a total of seven to sixteen years' incarceration, with time served credit of forty days. Additionally, Appellant was ordered to pay restitution to the Alpha Mills Distribution Center in the amount of $16,014.15 and to Ohio Casualty Insurance in the amount of $223,771.77. Appellant did not file a postsentence motion with the trial court or a direct appeal with the Superior Court.

¶ 3 On April 26, 2005, Appellant filed a *pro se* motion for post-conviction collateral relief. In the petition, Appellant acknowledged the petition's facial untimeliness, but asserted that the Supreme Court of Pennsylvania's decision in *Commonwealth v. Cruz*, 578 Pa. 325, 852 A.2d 287 (2004) allowed him to invoke an exception to the timing requirements of the PCRA. *See* 42 Pa.C.S.A. § 9545(b). The following day,

---

1. 18 Pa.C.S.A. §§ 3301(a)(1)(i), 3301(c)(1), 3301(d)(1), 3301(d)(2), 3302(b), 3304(a)(1), 3502(a), 3503(a)(1)(ii), 3921(a), 3925(a), 2705, respectively.

the court granted Appellant *In Forma Pauperis* status and appointed Attorney Christopher Riedlinger to represent Appellant. The Commonwealth filed a motion to dismiss Appellant's PCRA petition on June 16, 2005, alleging both that the petition was untimely and that the after discovered evidence exception should not apply to Appellant's case. On June 21, 2005, pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure, the PCRA court issued an order notifying Appellant of its intent to dismiss his petition without a hearing and also notifying Appellant of the twenty day period during which Appellant could attempt to allege sufficient facts in order to necessitate a hearing. Pa.R.Crim.P. 907(1). On July 13, 2005, twenty-one days after its prior order, the PCRA court had not received a response from Appellant and therefore dismissed Appellant's petition as untimely.

¶ 4 Later, on August 9, 2005, counsel for Appellant submitted a motion to schedule a hearing on Appellant's PCRA petition to determine whether *Cruz* afforded Appellant an opportunity to invoke the after discovered evidence exception to the time requirements for filing a PCRA petition. *Cruz, supra;* 42 Pa.C.S.A. § 9545(b). Also on August 9, 2005, Appellant submitted an answer to the Commonwealth's motion to dismiss, making a similar argument. These documents were submitted over three weeks after the PCRA court issued its July 13, 2005, order denying Appellant's petition. On August 30, 2005, Attorney Kent Watkins was appointed to replace Attorney Riedlinger. On August 31, 2005, the PCRA court issued an order denying Appellant's motion to schedule a hearing and granting the Commonwealth's motion to dismiss Appellant's PCRA petition, together with an opinion explaining its rationale. On September 30, 2005, Appellant filed a counseled appeal with this Court. On October 5, 2005, the PCRA court is-

sued an order explaining that "[t]he Opinion of August 31, 2005 is the Court's 1925 Opinion." PCRA Court Order, Certified Record, at 25. The record indicates that Appellant was not directed to, and did not, file a statement pursuant to Pa.R.A.P. 1925(b). Appellant's present counsel, Attorney Watkins, has filed a *Turner–Finley* "no-merit" letter on appeal.

¶ 5 Before we will consider counsel's petition to withdraw or whether the PCRA court erred in dismissing Appellant's petition as untimely, we must determine whether we have jurisdiction to hear the instant appeal. *See Commonwealth v. Green,* 862 A.2d 613, 615 (Pa.Super.2004) (*en banc*) *appeal denied,* 584 Pa. 692, 882 A.2d 477 (2005), *citing Commonwealth v. Yarris,* 557 Pa. 12, 24, 731 A.2d 581, 587 (1999) (appellate courts may raise the issue of jurisdiction *sua sponte*). "Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." *Green,* 862 A.2d at 615, *citing Commonwealth v. Miller,* 715 A.2d 1203, 1205 (Pa.Super.1998). "An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." Pa.R.Crim.P. 910. "A final order is one that ends the litigation or disposes of the entire case." *Commonwealth v. Harper,* 890 A.2d 1078, 1081 (Pa.Super.2006), *citing Commonwealth v. Nicodemus,* 431 Pa.Super. 342, 636 A.2d 1118 (1993); Pa.R.A.P. 341(a). An appellant has a period of thirty days after the entry of an order during which an appeal on that order can be taken. *See Commonwealth v. Jerman,* 762 A.2d 366, 368 (Pa.Super.2000); Pa.R.A.P. 903(a).

¶ 6 In the instant case, the record indicates that the PCRA court gave notice on June 21, 2005, pursuant to Rule 907(1) of the Pennsylvania Rules of Criminal Proce-

dure, of its intent to dismiss Appellant's petition. Order, Domolakes, J., Certified Record, at 18. Twenty-one days later, on July 13, 2005, the PCRA court entered an order denying Appellant's petition. Order, Domolakes, J., Certified Record, at 19. Appellant did not file the instant appeal until September 30, 2005, forty-nine days beyond the deadline. Consequently, the instant appeal appears untimely.

■ ¶ 7 Notwithstanding Appellant's forty-nine day delay in filing a notice of appeal, inadequacies in the PCRA court's order of July 13, 2005, require our further consideration. Rule 907 provides that when a PCRA court denies a petition without a hearing, the court shall issue an order to that effect that also advises the petitioner of his right to appeal from the final order disposing of his petition, and of the time in which an appeal must be taken. Pa.R.Crim.P. 907(4). The PCRA court's order of July 13, 2005, failed to inform the defendant of his right to appeal its decision, and of the time within which that appeal must have been taken. Order, Domolakes, J., Certified Record, at 18. This Court has refrained from quashing an appeal as untimely where the trial court failed to properly advise the appellant of his appellate rights. *See Commonwealth v. Wright,* 846 A.2d 730, 735 (Pa.Super.2004). Therefore, pursuant to *Wright,* we will entertain the instant appeal.

¶ 8 In so stating, we note that the record indicates that additional irregularities in the PCRA court proceedings may have led to Appellant filing a notice of appeal from the PCRA court's order of August 31, 2005. Section 5505 of the Judicial Code provides a thirty day period after an order in which a court may modify or rescind that order.[2] 42 Pa.C.S.A. § 5505. If a court does not modify an order within this period, the court loses the authority to do so. *Commonwealth v. LeBar,* 860 A.2d 1105, 1111 (Pa.Super.2004), *quoting Commonwealth v. Walters,* 814 A.2d 253, 255–56 (Pa.Super.2002). In the instant case, Appellant filed, and the PCRA court apparently entertained a motion to schedule a hearing on Appellant's PCRA petition on August 9, 2005, over three weeks after the PCRA court entered a final order denying Appellant's PCRA petition. *See* Order, Domolakes, J., Certified Record, at 19. Later, on August 31, 2005, the PCRA court issued an order granting the Commonwealth's motion to dismiss Appellant's petition, and denying Appellant's motion to schedule a hearing. The PCRA court's orders and opinion of August 31, 2005, coming forty-nine days after its final order dismissing Appellant's PCRA petition as untimely, are beyond the period during which a court may, pursuant to Section 5505, modify or rescind an order. Additionally, the record does not indicate that the PCRA court explicitly vacated the order of July 13, 2005, within the thirty day period. 42 Pa.C.S.A. § 5505. Consequently, the orders post-dating the July 13, 2005, order are a legal nullity and cannot form the basis of an appeal.

■ ¶ 9 Upon considering a PCRA court's denial of relief, our standard of review is limited to a determination of whether the PCRA court's findings are supported by the record and free from legal error. *Commonwealth v. Merritt,* 827 A.2d 485, 487 (Pa.Super.2003). Further, when seeking leave to withdraw,

---

**2.** Section 5505 states:

**§ 5505 Modification of Sentence**

Except as otherwise provided or proscribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505.

counsel must submit a "no-merit" letter that details the nature and extent of counsel's review, lists each issue the petitioner wishes to review, and explains why those issues lack merit. *Id.* After counsel has met these requirements, the court must conduct its own independent review of the record. *Id.* If, upon this review, the court agrees that the petition lacks merit, counsel's request to withdraw may be granted. *Id.*

¶ 10 In his "no-merit" letter, counsel states that he has conducted an exhaustive review of the record, and that he has reviewed "the pleadings, discovery information, record papers, and transcripts, as well as the applicable case law." Counsel's "No–Merit" Letter, at 1. Primarily, counsel notes that Appellant has relied on *Cruz, supra,* to invoke the after-discovered evidence exception regarding his mental illness. Counsel distinguishes *Cruz* from the instant case, saying that the defendant in *Cruz* "was basically unable to communicate," and "that [sic] is not the facts in this case." Further, in an apparent attempt to meet the requirements of *Turner* and *Finley,* counsel offers a cursory outline of Appellant's substantive claims, listing some, but not all, of the issues raised in Appellant's petition.[3] Upon review of the record and applicable case law, PCRA counsel "found no meritorious appealable issues that could have been addressed to the appellate courts." Counsel's "No–Merit" letter, at 3. Upon our independent review of the record, we agree with counsel's assertions regarding the application of the after-discovered evidence exception and grant his request to withdraw, despite counsel's failure to fully comply with the requirements of *Turner* and *Finley.*[4]

¶ 11 Because the time limitations established by the PCRA are jurisdictional in nature, "a court lacks jurisdiction to address the claims raised in an untimely petition." *Commonwealth v. Dickerson,* 900 A.2d 407, 410 (Pa.Super.2006), *quoting Commonwealth v. Crews,* 581 Pa. 45, 50, 863 A.2d 498, 501 (2004). The PCRA provides that a petition for relief must be filed within one year of the date final judgment is entered. 42 Pa.C.S.A. § 9545(b). A judgment becomes final for purposes of the PCRA at the conclusion of direct review or after the time provided for seeking direct review has lapsed, if no direct review has been taken. *Commonwealth v. Fisher,* 582 Pa. 276, 285, 870 A.2d 864, 869 (2005). Rule 720 of the Pennsylvania Rules of Criminal Procedure provides that where "the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of the imposition of sentence." Pa. R.Crim.P. 720(A)(3).

---

3. *Turner* and *Finley* require counsel seeking leave to withdraw to list each of an appellant's claims, and explain why each of those claims lack merit. Although counsel has the obligation to list each claim, "we see no valid substantive or administrative justification to further delay disposition" in this matter, as consideration of the petition's timeliness may preclude consideration of the petition's merits. *Commonwealth v. Harris,* 381 Pa.Super. 206, 553 A.2d 428, 434 (1989).

4. In so stating, we recognize the additional requirement counsel must meet upon seeking leave to withdraw, recently established by this Court in *Commonwealth v. Friend,* 896 A.2d 607, 614 (Pa.Super.2006). After *Friend,* PCRA counsel who seeks to withdraw "must contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the 'no-merit' letter and a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed *pro se* or with the assistance of privately retained counsel". *Id.* Although this requirement applies prospectively, counsel appears to have met the additional requirement in the instant case.

¶ 12 In the instant case, Appellant was sentenced on May 30, 2003. Since Appellant did not file any post-sentence motions or a direct appeal with the Superior Court, his judgment of sentence became final on June 29, 2003, thirty days after it was issued. Pa.R.Crim.P. 720(A)(3). As a result, the one year period during which Appellant could have filed a timely PCRA petition began on June 29, 2003, and ended on June 29, 2004. Because Appellant did not file the instant petition until April 26, 2005, the petition appears untimely on its face.

¶ 13 The PCRA does provide three exceptions to the one year time requirement for filing a petition. Section 9545 provides in relevant part:

**(b) Time for filing petition. –**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or Laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1)-(2). These exceptions must be specifically pleaded or they may not be invoked. *Commonwealth v. Beasley*, 559 Pa. 604, 609, 741 A.2d 1258, 1261 (1999); 42 Pa.C.S.A. § 9543(a). In his original petition Appellant attempts to specifically plead that the after-discovered evidence exception should apply to his case. Motion for Post Conviction Relief, Certified Record, at 14. Particularly, Appellant cites the *Cruz* decision in support of his claim that the after-discovered evidence exception should apply because his possible mental incompetence may have prohibited him from filing a PCRA petition within the one year statutory period. *Cruz, supra.*

¶ 14 In *Cruz*, the Supreme Court of Pennsylvania held that "in some circumstances, claims that were defaulted due to the PCRA petitioner's mental incompetence may qualify under the statutory after-discovered evidence exception." *Cruz, supra*, at 336, 852 A.2d at 293. In that case, the petitioner shot seven people, killing three and injuring four others; he then unsuccessfully attempted suicide by shooting himself in the head. *Id.* at 328, 852 A.2d at 288. The petitioner entered a plea of *nolo contendere*, because according to his defense counsel he could not "discuss the facts of [his] case in any sort of sensible way," as a result of the injuries resulting from his suicide attempt. *Id.* at 328–29, 852 A.2d at 288. Despite the petitioner's condition, defense counsel did not claim incompetence, and no determination regarding the petitioner's competency was made. *Id.* at 329, 852 A.2d at 288. After nearly six years had passed, the petitioner filed a *pro se* PCRA petition, essentially alleging that he had only recently recovered from his self-inflicted gun shot wound to the degree of mental competency re-

quired to know and understand the facts of his case. *Id.* Therefore, the petitioner argued that he could submit his first PCRA petition only recently. *Id.* at 329–31, 852 A.2d at 289–90. The trial court held, and the Superior Court affirmed, that the petitioner's case did not qualify under the after-discovered evidence exception to the time bar of the PCRA. *Id.* at 333, 852 A.2d at 291.

¶ 15 On appeal, the Supreme Court noted that there had not been any determination that the petitioner was incompetent or that he regained competency. *Id.* at 341, 852 A.2d at 297. Additionally, the Supreme Court noted that in the petitioner's case, it was indisputable that petitioner had sustained a serious brain injury that impaired his brain function, and that it takes time for such an injury to heal. *Id.* The Court further stated that the record contained nothing to sufficiently and definitively establish if and when the petitioner had passed from incompetence to competence, and that the petitioner had failed to prove that he was incompetent at the pertinent times, or that he had brought his claims during the sixty day window provided by the after-discovered evidence exception. *Id.* at 342, 852 A.2d at 297. The Court held that given the language of the exception coupled with the unique circumstances of the petitioner's case, the petitioner should be provided the opportunity to prove that he was incompetent at the relevant times, and that his incompetence qualifies under the after-discovered evidence exception. *Id.*

¶ 16 The unique facts of *Cruz* allow us to distinguish it from the instant case. In *Cruz*, the appellant was essentially "lobo-

tomized" as a result of a self-inflicted gunshot wound, and could not discuss the facts of his case. *Cruz, supra,* at 328–29, 852 A.2d 287, 288. In our case, Appellant suffered no similar physical injury to his brain. A court-appointed psychiatrist, Dr. Larry Rotenberg, examined Appellant on February 8, 2003, a few months before the entry of Appellant's plea. *See* Report by Dr. L. Rotenberg, Certified Record, at Supplemental Part 1. Upon examining Appellant, Dr. Rotenberg made several observations that allow us to further distinguish the instant case from *Cruz.* *Id.* Dr. Rotenberg observed that although Appellant reported hallucinations and "hearing voices", Dr. Rotenberg stated he did not think Appellant suffered "real hallucinations, but rather illusions." *Id.* Dr. Rotenberg further stated that Appellant was "likely exaggerating or feigning his psychotic symptoms." *Id.* Also, Dr. Rotenberg noted that Appellant's current prescriptions were insufficient to meet his pharmacological needs, and that Appellant's use of alcohol was especially troubling, given Appellant's other afflictions. *Id.* In his diagnostic impression, Dr. Rotenberg noted that Appellant suffered from Dysthymic Disorder,[5] Alcohol Abuse, Tourette's Syndrome, and Mild Mental Retardation. *Id.* Dr. Rotenberg went on to conclude that Appellant is likely in the mild mental retardation to borderline intellectual range, exhibiting defects in novel problem solving and nonverbal reasoning, but that Appellant nevertheless understood the nature and object of the criminal proceedings against him, that he was on trial, and the consequences of being found guilty or innocent. *Id.* Dr. Rotenberg also stated that Appellant was able to co-

---

5. Dysthymic disorder is defined as a chronically depressed mood that occurs for most of the day, more days that not, for at least two years. Symptoms of dysthymic disorder often include: low self-esteem, difficulty making decisions, and feelings of hopelessness. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 376–77 (4th ed.2000).

operate with his attorney in his own defense, and that "[i]n sum, he is competent to stand trial." *Id.*

¶ 17 Unlike the appellant in *Cruz*, whose defense counsel admitted he could not meaningfully participate in his own defense, Appellant was deemed able to cooperate with his attorney in his own defense by Dr. Rotenberg. Also unlike the appellant in *Cruz*, who was at no point deemed competent to stand trial, Appellant was determined to be competent by Dr. Rotenberg prior to the guilty plea and sentencing. The type of chronic mental illness suffered by Appellant is fundamentally different than the effects and circumstances surrounding the appellant's indisputable physical injury to his brain in *Cruz*, where the self-inflicted gun shot wound resulted in impaired brain function such that, during the several years preceding his appeal, the appellant was unable to understand the facts of his case, and could only file a PCRA petition years later, after the injury to his brain had healed. Because the record in *Cruz* indicated that the injury suffered by the appellant could heal over time, he may have been able to establish that he filed his petition within the sixty day requirement for exceptions to the PCRA time bar. *Cruz, supra,* at 329, 852 A.2d at 288; 42 Pa.C.S.A. § 9545(b)(2). Accordingly, the Court in *Cruz* remanded the matter for a limited hearing where the appellant was afforded the opportunity to prove that he was and remained incompetent throughout the period during which his right to file a PCRA petition had lapsed, and the appellant's current petition was filed within sixty days of his return to competence.

¶ 18 Comparatively, Appellant in the instant case has offered nothing to indicate when, if ever, the crucial point in time at which he passed from incompetence to competence may have actually occurred, discussing only his chronic mental illness. Appellant has failed to offer any evidence or suggested reasons as to the cause of his lapse into incompetence after Dr. Rotenberg's evaluation. Similarly, Appellant has not asserted in his petition even an estimate of the timing or duration of the periods of incompetence he allegedly suffered after his evaluation. Further, Appellant has made no assertions, and there is nothing in the record to indicate, that his condition is of the type that may have recently improved or changed so that he has only recently returned to the degree of competence required to file a PCRA petition. Since Appellant has not provided the aforementioned evidence or proofs, he is unable to establish that he filed his petition within the sixty-day requirement of the PCRA, or that he requires a hearing to determine if he has met this requirement. Therefore, Appellant has failed to meet his pleading requirements under the PCRA. 42 Pa.C.S.A. § 9545(b).

¶ 19 Because Appellant has failed to meet the pleading requirements established in the PCRA, and because we hold that the after-discovered evidence exception established by *Cruz* does not apply to the instant petition, Appellant's petition must be dismissed as untimely.

¶ 20 Order affirmed. Counsel's motion to withdraw granted. Jurisdiction relinquished.