J-S86024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHAWN LEON WILLIAMS | |
| Appellant | No. 488 WDA 2016 |

Appeal from the PCRA Order March 21, 2016
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0001860-2010
CP-11-CR-0002228-2010

BEFORE: GANTMAN, P.J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MOULTON, J.: **FILED FEBRUARY 17, 2017**

Shawn Leon Williams appeals, *pro se*, from the March 21, 2016 order of the Cambria County Court of Common Pleas dismissing as untimely his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. We affirm.

The PCRA court summarized the factual and procedural history of this case as follows:

> [O]n August 3, 2010, [Williams] was charged with the following offenses relative to Docket 1860-2010: Murder of the First Degree (F1), Murder of the Second Degree (F1), Criminal Homicide (F1), Burglary (F1), Aggravated Assault (F1), and Stalking (M1). Thereafter, [Williams] was charged with the following relative to an incident that occurred on December 22, 2009: Robbery (F2), Burglary (F1), Theft (M1), Receiving Stolen Property (M1), and

---

[*] Former Justice specially assigned to the Superior Court.

Harassment (S). On March 22, 2011, with the assistance of Attorneys Patricia Moore and Michael Filia of the Cambria County Public Defender's Office, [Williams] entered into a plea agreement relative to both cases that included a negotiated aggregate sentence of [40 to 80 years in prison]. Sentencing was imposed by the Court immediately following the plea, and was consistent with the parties' agreement.

[Williams] did not pursue a direct appeal . . . .

On May 5, 2015, [Williams] filed a *pro se* PCRA Petition, requesting, *inter alia*, permission to withdraw his guilty plea on the basis that he was mentally incompetent at the time of his plea. On May 6, 2015, we appointed PCRA counsel, Arthur McQuillan, Esquire for [Williams]; however, due to mutual motions from [Williams] and Attorney McQuillan, we thereafter, on May 19, 2015, removed Attorney McQuillan and appointed Timothy Burns, Esquire as PCRA counsel for [Williams]. Thereafter, [Williams] reported Attorney Burns to the Disciplinary Board, and although [Williams'] complaints were eventually deemed unfounded, [Williams] requested the removal of Attorney Burns, the withdrawal of Burns' September 15, 2015 "Motion for Mental Health Examination and Motion for Retrospective Competency Hearing," and the ability to proceed *pro se*. . . . [S]aid requests were granted via our Order of December 22, 2015.

PCRA Ct. Op., 2/23/16, at 1-2. Thereafter, Williams filed a series of *pro se* motions in the PCRA court.[1]

The PCRA court held a hearing on Williams' motions on February 16, 2016. On February 23, 2016, the PCRA court filed an opinion and order

_____

[1] Williams filed a "Motion for Mental Health-Forensic Psychiatric Expert," a "Letter in Application/Motion for Leave to Specific Additional Grounds for Post-Conviction Relief," a "Petition for Writ of Mandamus And/Or Extraordinary Relief," and an "Application for Order Mandating the Clerk of Courts and/or Court Stenographer, to Furnish Court Records and Transcribed Notes of Testimony, In Forma Pauperis."

granting Williams' application for leave to specify additional grounds for PCRA relief; denying Williams' motion for a mental health expert; and notifying Williams of its intent to dismiss his PCRA petition within 20 days under Pennsylvania Rule of Criminal Procedure 907(1).

On March 14, 2016, Williams filed a *pro se* response to the PCRA court's Rule 907 notice. On March 21, 2016, the PCRA court dismissed Williams' PCRA petition as untimely. Williams timely appealed to this Court.

On appeal, Williams asserts, *inter alia*:

> 1.) Did the [trial] court err in dismissing [Williams'] PCRA petition as untimely when [Williams] was denied an opportunity to demonstrate that his mental incompetence prevented him from ascertaining facts that were unknown to [him] due to his mental incompetence, and that his failure to file a PCRA petition within one year of the final judgment resulted from his mental incompetence?
>
> . . .
>
> 6.) Was [Williams] afforded fair notice to present evidence of his mental incompetence in a fair proceeding before the PCRA court dismissed his claims?

Williams' Br. at IV.[2]

Our review of an order denying PCRA relief is limited to determining "whether the decision of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Melendez–Negron***,

---

[2] In his statement of questions involved, Williams raises numerous additional issues unrelated to the PCRA court's dismissal of his PCRA petition. ***See*** Williams' Br. at IV. However, because we conclude that Williams' petition was untimely filed and he failed to prove an exception to the one-year time bar, ***see infra***, we are without jurisdiction to consider these substantive claims.

123 A.3d 1087, 1090 (Pa.Super. 2015). We will not disturb the PCRA court's factual findings "unless there is no support for [those] findings in the certified record." *Id.*

We must first address the timeliness of Williams' PCRA petition, which is a jurisdictional requisite. *See Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa.Super.), *app. denied*, 125 A.3d 1197 (Pa. 2015). A petitioner must file a PCRA petition within one year of the date his or her judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). Here, the trial court sentenced Williams on March 22, 2011. Because Williams did not file a direct appeal, his judgment of sentence became final 30 days later, on April 21, 2011. *See* 42 Pa.C.S. § 9545(b)(3). Williams had one year from that date, or until April 23, 2012,[3] to file a timely PCRA petition. Thus, the instant PCRA petition, filed on May 5, 2015, was facially untimely.

To overcome the time bar, Williams was required to plead and prove one of the following exceptions: (i) unconstitutional interference by government officials; (ii) newly discovered facts that could not have been previously ascertained with due diligence; or (iii) a newly recognized constitutional right that has been held to apply retroactively. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). To invoke one of these exceptions, Williams

---

[3] Because the one-year deadline fell on Saturday, April 21, 2012, Williams had until Monday, April 23, 2012, to file a timely PCRA petition.

must have filed his petition "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

In his PCRA petition, Williams asserted the new-facts exception to the one-year time bar, alleging that his mental incompetence prevented him from presenting his claims in a timely PCRA petition. In support of this claim, Williams relied on **Commonwealth v. Cruz**, 852 A.2d 287, 288 (Pa. 2004) (emphasis in original), in which our Supreme Court held that "mental incompetence at the relevant times, if proven, **may** satisfy the requirements of Section 9545(b)(1)(ii) [of the PCRA], in which case, the claims defaulted by operation of that incompetence may be entertained."

In **Cruz**, after killing three individuals and injuring four others, Cruz shot himself in the head in an attempted suicide. **Id.** He later entered a negotiated plea of *nolo contendere* to three counts of second-degree murder. **Id.** At the plea hearing, the trial court asked defense counsel why the *nolo contendere* plea was appropriate. **Id.** Counsel explained that "during the shooting incident . . . [Cruz] actually lost part of his brain." **Id.** (quoting testimony). Counsel also stated that a psychiatrist had described Cruz as "lobotomized" and found him unable "to express emotions and really discuss the facts of this case in any sort of sensible way." **Id.** (quoting testimony). The trial court accepted Cruz's plea without determining whether he was competent. **Id.** at 289.

Six years later, Cruz filed a *pro se* PCRA petition, alleging a violation of his constitutional rights and ineffective assistance of counsel. **Id.** After

obtaining counsel, Cruz asserted the new-facts exception to the one-year time bar, alleging that he suffered brain damage at the time of his plea and had recently regained his mental competence. *Id.* at 289-90. On appeal, the Supreme Court concluded that under the unique circumstances of the case, Cruz "should be afforded an opportunity to attempt to prove that he was incompetent at the relevant times and that that incompetence qualifies under the [new-facts] exception to the PCRA time-bar." *Id.* at 297.

> Subsequently, this Court characterized *Cruz*'s holding as follows:
>
> > Only under a **very limited circumstance** has the Supreme Court ever allowed a form of mental illness or incompetence to excuse an otherwise untimely PCRA petition. *See, e.g.,* [*Cruz*, 852 A.2d at 294-97] (holding defendant's claims may fall under after discovered facts exception to PCRA timeliness requirements where his mental incompetence prevented defendant from timely raising or communicating claims). . . . Thus, **the general rule remains that mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements.**

*Commonwealth v. Monaco*, 996 A.2d 1076, 1080-81 (Pa.Super. 2010) (emphases added) (some citations omitted).

We agree with the PCRA court that the instant case is distinguishable from *Cruz*. Cruz had presented evidence that he was "lobotomized" and that a psychiatrist had opined that, at the time he entered the plea, Cruz was unable to comprehend the nature of the proceedings. In contrast, Williams' claim of mental incompetence was based solely on his history of mental illness. At the hearing, Williams testified, "[I]t is well known that I suffer from mental deficiency, and I suffered from real mental deficiency at

the time . . . I took that plea." N.T., 2/16/16, at 23. This Court has recognized, however, that "mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements." **Monaco**, 996 A.2d at 1081.

Contrary to Williams' assertions, the PCRA judge, who was also the trial judge, observed no indication of Williams' mental incompetence during the plea proceeding. The PCRA court found:

> At the March 22, 2011, hearing, . . . **nothing** was brought to the Court's attention, either through counsel or by [Williams'] own behavior/demeanor, relative to his incompetency to proceed. In fact, with the assistance of trial counsel, [Williams] completed a written plea colloquy, and engaged in an intelligible oral plea colloquy with the Court. [Williams] responded coherently and on point to the questions posed by his counsel and this Court. Neither [Williams'] written or oral responses nor [his] behavior led us to question whether he was able to understand the nature of the proceedings and assist in his defense.

PCRA Ct. Op., 2/23/16, at 7 (emphasis in original).[4] We conclude that the record supports the PCRA court's findings.

_____

[4] The PCRA court also stated that before the plea hearing, a licensed psychologist had determined that Williams was competent and able to assist in his own defense. PCRA Ct. Op., 2/23/16, at 7. In his *pro se* response, Williams disputed this statement, asserting that he never underwent a psychological evaluation before his plea proceeding. Williams' Resp. to Rule 907 Notice, 3/14/16, at 3-4. The record contains a sealed order granting Williams county funds to obtain mental health evaluations two months before the plea hearing. Aside from that order and the PCRA court's statement in its opinion, we have found no evidence that such evaluations occurred. However, even if there were no pre-plea competency determination, the PCRA court still found that Williams had engaged in intelligible oral and written colloquies before entering his plea and exhibited no behavior indicating mental incompetence. Further, at the plea hearing,

*(Footnote Continued Next Page)*

Moreover, Williams failed to plead or prove when he allegedly passed from incompetence to competence or how his alleged incompetence prevented him from filing a timely PCRA petition. At the hearing, Williams stated, "I can get something showing you that I've been on medication and been mentally ill since March 22[], 2011, since I entered the [Department of Corrections]. Ever since then, I've been mentally ill. Taking medication, Haldol, all types of medicine, psychosis medicine." N.T., 2/16/16, at 30. Even if Williams could prove his incompetence at the time of the plea, he was still required to establish that he filed his PCRA petition within 60 days of regaining competence, which he failed to do. *See Commonwealth v. Liebensperger*, 904 A.2d 40, 48 (Pa.Super. 2006) (rejecting PCRA petitioner's claim of mental incompetence where he failed to plead or prove "the crucial point in time at which he passed from incompetence to competence, discussing only his chronic mental illness").

As the PCRA court cogently explained:

> Overall, apart from alleging his chronic mental illness, [Williams] has offered nothing to prove when, if ever, he passed from competence into incompetence. [Williams] has failed to offer any evidence or rationale as to his lapse into incompetence following examination by the court-funded expert. Additionally, [Williams] has made no assertions, nor is there anything of record, to indicate that his alleged condition is of the type that may have changed or improved to only recently enable him to file his PCRA petition.

*(Footnote Continued)* ───────────────

neither Williams nor his counsel expressed any concern about Williams' competence or ability to understand the nature of the proceedings.

PCRA Ct. Op., 2/23/16, at 7.  The PCRA court properly concluded that Williams' PCRA petition was untimely and that he failed to prove an exception to the one-year time bar.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  2/17/2017