J. S15021/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KHALIF RUTLEDGE, | : | |
| | : | |
| Appellant | : | No. 3733 EDA 2015 |

Appeal from the Judgment of Sentence July 23, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0012550-2014

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY DUBOW, J.:                **FILED MARCH 16, 2017**

Appellant, Khalif Rutledge, appeals from the Judgment of Sentence entered on July 23, 2015, in the Court of Common Pleas of Philadelphia County following his convictions after a bench trial for three violations of the Uniform Firearms Act, Terroristic Threats, Simple Assault, and Recklessly Endangering Another Person.  We quash this appeal.

A detailed recitation of the facts is not necessary to our disposition. On July 23, 2015, the trial court sentenced Appellant to an aggregate term of 2½ to 5 years' imprisonment, followed by a consecutive term of 5 years' probation.  The trial court denied Appellant's Motion for Reconsideration of Sentence on October 16, 2015.  Appellant filed a *pro se* Notice of Appeal on December 2, 2015.

On January 13, 2016, this Court issued a Rule to Show Cause directing Appellant to explain why the appeal should not be quashed as untimely where Appellant did not file the Notice of Appeal within 30 days of the underlying order, *i.e.*, by November 16, 2015.[1]  Pa.R.Crim.P. 720(A)(2).

In response, Appellant's counsel states that Appellant filed this appeal "*pro se* without the knowledge or any input from counsel" and "[t]herefore, [counsel] has no knowledge regarding this appeal and cannot offer any information either for or against it."  Response to Rule to Show Cause Order, filed 1/22/16, at ¶5-¶6.  Appellant did not file a *pro se* response, and Appellant's counsel did not address the timeliness issue in Appellant's Brief. The issue was referred to this panel for disposition.

Before addressing the issues raised on appeal, we must determine whether we have jurisdiction to hear this appeal.  **See Commonwealth v. Liebensperger**, 904 A.2d 40, 43 (Pa. Super. 2006); Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.").

The certified record indicates that Appellant filed his handwritten Notice of Appeal on December 2, 2015, even though Appellant dated his document November 9, 2015.  Appellant's postmarked envelope also shows December 2, 2015, as the date of mailing.

---

[1] November 15, 2015, was a Sunday.  **See** 1 Pa.C.S. § 1908.

Appellant has failed to provide "a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner [timely] deposited the *pro se* filing with the prison authorities." Pa.R.A.P. 121(a). No other evidence included in the certified record reasonably verifies that Appellant timely filed his Notice of Appeal.

Finally, "the record contains no evidence of extraordinary circumstances such as a court holiday or closing or a breakdown in the operations of the court" that would excuse his untimely filing. ***Commonwealth v. Burks***, 102 A.3d 497, 500 (Pa. Super. 2014). Appellant's filing of his Notice of Appeal on December 2, 2015, was clearly untimely.

Accordingly, we quash the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2017