J-S62005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHELLY A. ZITO | |
| Appellant | No. 79 MDA 2017 |

Appeal from the Judgment of Sentence entered December 6, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No: CP-40-CR-0002450-2015

BEFORE:  STABILE, MOULTON, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED DECEMBER 21, 2017**

Appellant Shelly A. Zito appeals from the December 6, 2016 judgment of sentence entered in the Court of Common Pleas of Luzerne County ("trial court").  Upon review, we quash this appeal for want of jurisdiction.

Instantly, our review of the record shows that, on October 31, 2016, following her guilty plea to theft by deception (18 Pa.C.S.A. § 3922(a)(1)), Appellant was sentenced to six to twenty three months' imprisonment.  On November 28, 2016, **28 days after** sentencing, Appellant filed a motion for reconsideration *nunc pro tunc*.  On December 6, 2016, more than **30 days after** sentencing, the trial court granted the motion and modified Appellant's sentence.  On December 15, 2016, Appellant filed another reconsideration

_____

[*] Retired Senior Judge assigned to the Superior Court.

motion, which she subsequently withdrew. On January 3, 2017, Appellant appealed to this Court.

At the outset, before we address the merits of this appeal, we must point out that the trial court here was without jurisdiction to enter any orders thirty days after imposition of sentence. Under Section 5505 of the Judicial Code, "a court upon notice to the parties may modify or rescind any order within [thirty] days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505; *see Commonwealth v. Liebensperger*, 904 A.2d 40, 44 (Pa. Super. 2006) (noting that, "[i]f a court does not modify an order within [thirty days], the court loses the authority to do so."). Here, the trial court granted Appellant's reconsideration motion and modified her sentence on December 6, 2016, more than thirty days after her October 31, 2016 judgment of sentence. Because the trial court was without jurisdiction, we consider its December 6, 2016 order to be null and void.

Having concluded that the December 6, 2016, order is of no moment, we must determine whether the instant appeal is timely. It is well-settled that "[a]n untimely post-sentence motion does not toll the appeal period." *Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa. Super. 2015). Indeed, "the time for filing an appeal can be extended beyond thirty days after the imposition of sentence only if a defendant files a timely post-sentence motion." *Commonwealth v. Green*, 862 A.2d 613, 618 (Pa. Super. 2004) (*en banc*), *appeal denied*, 882 A.2d 477 (Pa. 2005).

We explained in ***Capaldi***,

a post-sentence motion *nunc pro tunc* may toll the appeal period, but only if two conditions are met. First, within [thirty] days of imposition of sentence, a defendant must request the trial court to consider a post-sentence motion *nunc pro tunc.* The request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying post-sentence motion. Second, the trial court must **expressly permit** the filing of a post-sentence motion *nunc pro tunc,* also within [thirty] days of imposition of sentence. If the trial court does not expressly grant *nunc pro tunc* relief, the time for filing an appeal is neither tolled nor extended. Moreover, "[t]he trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief.

***Capaldi***, 112 A.3d at 1244 (citation and quotation marks omitted) (emphasis in original).

Here, consistent with ***Capaldi***, Appellant's reconsideration motion *nunc pro tunc* did not toll the appeal period, because the trial court did not expressly grant it within thirty days. As Appellant filed the instant appeal on January 3, 2017, more than thirty days after sentencing, we must quash it for want of jurisdiction.[1]

Appeal quashed.

---

[1] Our review of the sentencing transcript does not reveal any breakdown in the court's operation to excuse Appellant's untimely appeal. Appellant was advised properly of the time for filing post-sentence motions and an appeal. ***See*** N.T. Sentencing, 10/31/16, at 10.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/21/2017</u>