J-S05037-18

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER NICHOLAS BAILEY, | : | |
| | : | |
| Appellant | : | No. 1240 WDA 2017 |

Appeal from the PCRA Order July 26, 2017
in the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0002114-2010

BEFORE:    OLSON, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:            FILED MARCH 28, 2018

Christopher Nicholas Bailey (Appellant) appeals from the July 26, 2017 order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On June 6, 2011, Appellant entered an open guilty plea to the third-degree murder of Stephen Hardy, Jr., and the aggravated assault of Alonzo McKenzie.  That same day, the trial court imposed consecutive sentences of 20 to 40 and 7 to 14 years of imprisonment, respectively, along with restitution.  Appellant timely filed a post-sentence motion for reconsideration of sentence, which the trial court denied by order filed July 27, 2011.[1]

---

[1] The order denying Appellant's post-sentence motion was dated July 26, 2011, but was not entered on the docket until July 27, 2011.

*Retired Senior Judge assigned to the Superior Court.

Appellant did not file a direct appeal; thus, his judgment of sentence became final for purposes of the PCRA on August 26, 2011.[2]

Appellant's first PCRA petition was timely filed[3] on July 26, 2012. After appointment and change of counsel, the filing of an amended petition, and a hearing, the PCRA court dismissed the petition. This Court affirmed the order dismissing the petition on October 24, 2014. Commonwealth v. Bailey, 108 A.3d 122 (Pa. Super. 2014) (unpublished memorandum).

Appellant filed another PCRA petition on February 3, 2017. The PCRA court dismissed it as untimely-filed on April 4, 2017. Appellant did not appeal the dismissal.

Appellant filed the PCRA petition that is the subject of the instant appeal on May 15, 2017, claiming therein that his sentence is illegal. On June 6, 2017, the PCRA court issued notice of its intent to dismiss the petition as untimely filed pursuant to Pa.R.Crim.P. 907. Appellant filed an objection to the proposed dismissal, claiming that he had sufficiently pled an exception to the PCRA's timeliness requirements. The PCRA court

---

[2] The PCRA court, using the date of the order rather than its filing date, incorrectly reported August 25, 2011, as the day Appellant's judgment of sentence became final. The error does not impact the timeliness analysis of the instant PCRA petition.

[3] Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b).

- 2 -

nonetheless dismissed Appellant's petition as untimely filed by opinion and order of July 26, 2017. Appellant timely filed a notice of appeal to this Court, to which he attached a statement of errors complained of on appeal. The PCRA court thereafter satisfied its obligations under Pa.R.A.P. 1925(a), and the case is now ripe for decision.

We first consider the timeliness of Appellant's petition, as the timeliness of a post-conviction petition is jurisdictional. Commonwealth v. Lewis, 63 A.3d 1274, 1280-81 (Pa. Super. 2013). Because Appellant's judgment of sentence became final in 2011, it is facially untimely. Appellant claimed that he could prove the following timeliness exception: "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii).

> The timeliness exception set forth in [subs]ection 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

Commonwealth v. Monaco, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted).

In attempting to plead this exception, Appellant alleged in his petition that he suffered from mental incompetence and the effects of "psychotic

- 3 -

medications" when he entered his guilty plea, that he was still incompetent and/or under the influence of the prescribed drugs, and that he filed his claim within 60 days of preparing the petition on May 10, 2017, "with the assistance of a jail-house lawyer." PCRA Petition, 5/15/2017, at 3-4. From this we gather that Appellant claims that he only discovered his lack of competence on May 10, 2017 when the "jail-house lawyer" so informed him.

In making his claim, Appellant invoked our Supreme Court's decision in Commonwealth v. Cruz, 852 A.2d 287 (Pa. 2004). In that case, Cruz suffered a severe brain injury from a self-inflicted gunshot wound prior to entering his plea. Id. at 296. At the plea hearing, his counsel stated on the record that Cruz was "'lobotomized' and 'not able to … really discuss the facts of this case in any sort of sensible way.'" Id. The Court held that "in some circumstances, claims that were defaulted due to the PCRA petitioner's mental incompetence may qualify under the statutory after-discovered evidence exception." Id. at 293. It thus remanded the case to the PCRA court to allow Cruz to attempt to prove "that he was incompetent at the relevant times, that his incompetence rendered him unable to discover the factual bases for the collateral claims he would raise, and that he acted in a timely fashion once he became competent." Id. at 296–97.

The PCRA court determined that Appellant, unlike Cruz, failed to allege facts sufficient to invoke the exception.

[Appellant] asserts that he suffered from mental incapacity at the time he entered the plea.

He further asserts, as a means to meet the timeliness requirement ... that his mental incapacity rendered the facts upon which his substantive PCRA claims would be based, unknowable to him until the point he became competent. However, [Appellant also] claims he is still mentally incompetent and does not state a single fact that is knowable to him now that was not knowable before; nor does [Appellant] state any basis for how he became aware of any fact of consequence while he remained mentally incompetent; nor does he state the time at which he gained knowledge of any fact of consequence. In short, he does not state when he became aware of the facts and does not even state what those facts are.

Furthermore, [Appellant] has filed two PCRA motions since becoming incarcerated, participated in an extensive hearing regarding his first PCRA and filed a pro se appeal wherein the Superior Court affirmed that his counsel was effective and that he entered his plea voluntarily. At no time over the past seven years did [Appellant] allege or did anyone observe [Appellant] suffering from mental incompetence to any degree that would support the claims in this most recent PCRA [petition].

* * *

[Appellant] offers only bald assertions and conclusory statements—not proof as is required under the Act. [Appellant] offers no substantive facts regarding the nature or state of his incompetency or any fact of consequence that he presently knows that he did not and could not know previously. Moreover, [Appellant] does not offer ... a date or time at which he became aware of the alleged facts—information this Court would need in order to determine whether [Appellant] meets the exceptions to the timeliness requirement.

* * *

In his "Objection to Rule 907(1) Opinion," [Appellant] claims that his present petition was timely filed within sixty days pursuant to 42 Pa.C.S. §9545(b)(2). [Appellant] further claims that he did not "become 'aware of' any operative facts until consultation

with jail-house lawyers." Yet, a sentence prior, [Appellant] claims he "is still 'unaware' of the operative facts, based upon prescribed medication." [Appellant] expects [the PCRA c]ourt to find that he qualifies for an exception to the time-bar by citing contradictory statements and bald assertions. If [Appellant's] jail house lawyer had operative facts and prepared this petition for [Appellant], then [the PCRA c]ourt would expect such facts to make at least a brief showing in his petition or his subsequent pleading, yet all that was presented to [the PCRA c]ourt is more bald assertions and conclusory statements. ... Not only are these facts not stated at all, the claims of [Appellant] alleged the existence of facts (but not what those facts actually are) that on their face could have been discoverable over the course of [Appellant's] incarceration and previous PCRA petitions. Since [Appellant] claims that he is still unaware of what the facts are, there is no way that [the PCRA c]ourt can find that [Appellant] has discovered new facts without engaging in speculation as to what these new facts might be. It is the burden of [Appellant] to present these facts to the [PCRA c]ourt and he has not carried his burden.

PCRA Court Opinion, 7/26/2017, at 3-4, 5-6.

The PCRA court's determinations are supported by the record and reveal no error of law. While Appellant claimed that he filed his petition within 60 days of its preparation by his "jail-house lawyer," he does not claim what new facts he discovered, let alone when he discovered them or what efforts he took to discover them diligently.

Appellant knew that he suffered from mental illness before he entered his guilty plea. Appellant's mental illness is described on the written plea colloquy, along with Appellant's representation "I comprehend what I am doing now." Guilty Plea Colloquy, 6/6/2011, at ¶ 7. Appellant discussed his mental health problems and his medications on the record with the trial

court at the time he entered his plea. N.T., 6/6/2011, at 5-7. Nonetheless, in contrast to Cruz, neither Appellant nor his counsel questioned his competency. Moreover, Appellant does not claim or offer any proof that the type of illness he suffers from is one that caused him to be legally incompetent at any time, or that, if his illness rendered him incompetent, his condition is the type that may improve to the point that he may become competent.

Accordingly, the PCRA court properly held that Appellant did not allege facts to invoke the newly-discovered-facts timeliness exception. Accord Commonwealth v. Liebensperger, 904 A.2d 40, 48 (Pa. Super. 2006) ("[Liebensperger] … has offered nothing to indicate when, if ever, the crucial point in time at which he passed from incompetence to competence may have actually occurred, discussing only his chronic mental illness. [He] has failed to offer any evidence or suggested reasons as to the cause of his lapse into incompetence… Similarly, [he] has not asserted in his petition even an estimate of the timing or duration of the periods of incompetence he allegedly suffered after his evaluation. Further, [Liebensperger] has made no assertions, and there is nothing in the record to indicate, that his condition is of the type that may have recently improved or changed so that he has only recently returned to the degree of competence required to file a

PCRA petition."). Because the petition was not filed timely, the PCRA court lacked jurisdiction to consider the merits of Appellant's claims.[4]

Appellant also contends that the PCRA court erred in denying his request for discovery, namely his medical records from the Beaver County Jail and the Pennsylvania Department of Corrections. Appellant's Brief at 17-19 (citing PCRA Petition, 5/15/2017, at ¶ 17).

Under the applicable rule, "no discovery shall be permitted at any stage of [PCRA] proceedings, except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P. 902(E)(1). The vague nature of Appellant's claims, as opposed to any allegations of what he believes the requested documents will show, fails to convince us that the PCRA court erred or abused its discretion in not granting his discovery request. See, e.g., Commonwealth v. Frey, 41 A.3d 605, 612 (Pa. Super. 2012) (explaining that mere speculation about the existence of useful evidence "does not constitute an exceptional circumstance warranting discovery"); Commonwealth v. Miner, 44 A.3d 684, 688 (Pa. Super. 2012) ("It is an appellant's burden to persuade us that the PCRA court erred and that relief is due.").

Order affirmed.

---

[4] To the extent that Appellant contends that his challenge to the legality of his sentence can never be waived, Appellant's Brief at 20-21, we remind him that no court can entertain a legality-of-sentence claim if it lacks jurisdiction to do so based upon the untimeliness of the petition. Commonwealth v. Fahy, 737 A.2d 214, 223 (Pa. 1999).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/28/2018