J-S07012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
FRANK DESAN :
:
Appellant : No. 2664 EDA 2019

Appeal from the PCRA Order Entered July 8, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0005172-2017

BEFORE: NICHOLS, J., KING, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED APRIL 14, 2020**

Appellant Frank Desan appeals *pro se* from the order denying his first

Post Conviction Relief Act[1] (PCRA) petition. For the reasons below, we dismiss

the appeal based on deficiencies in Appellant's brief.

According to the PCRA court's opinion:

[Appellant pled] guilty to the Commonwealth's case against him
for robbery with serious bodily injury and possession of a weapon
on June 11, 2018. During the negotiated plea agreement hearing,
[Appellant] was represented by counsel appointed by the County's
Public Defender's Office. After signing the plea agreement,
Appellant and counsel engaged in a colloquy. During this
exchange, [Appellant] was explained what rights he was forgoing
as part of the negotiated plea agreement. As part of the colloquy,
[Appellant] acknowledged that he understood both the underlying
charges and what the Commonwealth would need to prove to find
him guilty. [Appellant] mentioned on record that he was violating

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-5946.

his probation for another offense, and that he wished to continue
with his guilty pleas. Once the Court accepted [Appellant's] guilty
plea, he was sentenced to a [negotiated] 3 1/2 to 7 years'
incarceration, with 3 years of probation to run consecutively.

PCRA Ct. Op., 11/1/19, at 1-2 (some formatting altered).

On December 17, 2018, the PCRA court docketed Appellant's *pro se*
PCRA petition.[2] The PCRA court appointed PCRA counsel, who filed a
***Turner***/***Finley***[3] no-merit letter and an application to withdraw, which the
PCRA court granted on May 23, 2019. Also on May 23, 2019, the PCRA court
issued a Pa.R.Crim.P. 907 notice, stating that Appellant's petition lacked
merit. On June 28, 2019, the PCRA court docketed Appellant's *pro se* response
to the Rule 907 notice. On July 8, 2019, the PCRA court dismissed Appellant's
PCRA petition. Appellant filed a *pro se* notice of appeal on July 29, 2019, and
timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

On appeal, Appellant raises the following issues, which we reordered to
facilitate disposition:

1. Was [Appellant's] notice of appeal with this Court timely?

---

[2] The petition is difficult to understand, but appears to raise a claim that double
jeopardy was violated because the Commonwealth amended the information
at issue. Appellant's PCRA Pet., 12/17/18, at 6-7 (unpaginated). Appellant
also asserted that plea counsel was ineffective by failing to identify and
challenge the double jeopardy issue, as well as an unspecified suppression
claim. ***Id.*** at 7. As a result, Appellant concluded that his guilty plea was
unlawfully induced. ***Id.***

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v.
Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

- 2 -

2. If the weight of the disputed evidence does not support a verdict of guilty before trial begins does this finding abrogate the need for a finding of guilty in the lower court addressing their opinion upon the factual determinations made by the *pro se* Appellant in his statement of matters with this Court?

3. Did . . . Appellant in his explanation of the issues complained of on appeal properly preserve all of the claims of suppression, *habeas corpus*, and double jeopardy in the statement of matters with the lower court dealing with the disputed evidence prior to trial commencing for purposes of this appeal?

4. Now that the lower [court's] opinion of the matter has been officially docketed[,] is that opinion considered a fact in line with the framework of the evidence that is being challenged by the *pro se* Appellant in his appeal by defaulthood [sic], or is it just a reference to the proceedings in light of the [Appellant's] prior challenges to the weight of the evidence and ensuing court appointed representation that was a result of this proceeding?

5. Does . . . Appellant have standing to challenge these issues in this Court?

6. Are the discretionary aspects of [Appellant's] sentence still an issue because of the ranges proscribed by the sentencing matrix were abused or does this appeal supersede those guidelines based upon his Pa.R.A.P. 1925(B)(4) claims?

7. If . . . Appellant is challenging the effectiveness of [counsel's] strategy in light of his appeal then do his claims in his statement of matters [supersede]

Appellant's Brief at 7-8.[4]

_____

[4] Although Appellant raised the timeliness of his notice of appeal in his statement of questions presented, he did not argue it in his appellate brief. In any event, we can address the timeliness of an appeal *sua sponte*, and we conclude that because Appellant's notice of appeal was docketed within thirty days of the date the PCRA court docketed the order at issue, Appellant's appeal was timely filed. **See Commonwealth v. Liebensperger**, 904 A.2d 40, 43 (Pa. Super. 2006).

- 3 -

Briefly, Appellant challenged, among other issues, the validity of his plea and the discretionary aspects of his sentence. The Commonwealth countered that Appellant has waived all of his claims on appeal. Commonwealth's Brief at 12-13. In its Pa.R.A.P. 1925(a) opinion, the PCRA court asserted that Appellant's claims as stated in his PCRA petition were meritless and this Court should affirm the PCRA court's dismissal of Appellant's petition. *See* PCRA Ct. Op., 11/1/19, at 3-4.

Initially, we note that

it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Citations to authorities must articulate the principles for which they are cited. Pa.R.A.P. 2119(b).

This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

*Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (some citations omitted).

Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of Court; if there are considerable defects, we will be unable to perform appellate review.

***Commonwealth v. Vurimindi***, 200 A.3d 1031, 1037–38 (Pa. Super. 2018), *appeal denied*, 217 A.3d 793 (Pa. 2019) (citations omitted).

Here, we have carefully reviewed Appellant's brief and find the defects to be substantial. Although Appellant presents seven issues in his statement of questions, Appellant fails to develop any of his arguments by applying a principle of law to the facts of this case. ***See*** Pa.R.A.P. 2119(a). Significantly, Appellant's argument section does not contain citations to, or appropriate analyses of, applicable Pennsylvania legal authority. ***See id.*** Appellant has not discussed any relevant standards of review or legal principles governing a challenge to a guilty plea in the context of a PCRA. ***See id.*** Although we liberally construe Appellant's *pro se* brief, we are barred from acting as his counsel and advancing his arguments. ***See Kane***, 10 A.3d at 331-32. Accordingly, we are constrained to dismiss the appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/20