J-S41040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LYDELL SWINSON | : | |
| | : | |
| Appellant | : | No. 2183 EDA 2017 |

Appeal from the PCRA Order June 16, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0502871-2005,
CP-51-CR-0502901-2005

BEFORE: GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED AUGUST 22, 2018**

Appellant, Lydell Swinson, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On February 27, 2006, a jury convicted Appellant of first-degree murder and other offenses at docket CP-51-CR-0502871-2005 ("docket 2871-2005"), in a capital case. Before sentencing in that matter, Appellant and the Commonwealth entered a plea deal in which Appellant agreed to plead guilty to first-degree murder and possessing instruments of crime in another capital case, at docket CP-51-CR-0502901-2005 ("docket 2901-2005"). In exchange for Appellant's guilty plea, the Commonwealth agreed not to seek the death penalty in both cases. As part of the plea bargain, Appellant also agreed to waive all appellate and collateral review rights in both cases. The court

_____
* Former Justice specially assigned to the Superior Court.

imposed consecutive life sentences for the murder convictions that day along with lesser prison terms for the other convictions. Appellant did not file a direct appeal.

From 2006 to 2014, Appellant unsuccessfully litigated two PCRA petitions at both dockets. On November 1, 2016, Appellant filed the current *pro se* PCRA petition at both dockets. The court issued notice per Pa.R.Crim.P. 907 on April 12, 2017. Appellant responded *pro se* on April 27, 2017. On June 16, 2017, the court denied PCRA relief. Appellant timely filed a *pro se* notice of appeal on June 30, 2017. On July 6, 2017, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement; Appellant timely complied.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The exceptions to the PCRA time-bar allow for limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(1-2). The "newly-discovered fact" exception at Section 9545(b)(1)(ii) requires a petitioner to plead and prove he did not know the fact(s) upon which he based his petition and could not have learned those fact(s) earlier by the exercise of

J-S41040-18

due diligence.  **Commonwealth v. Shiloh**, 170 A.3d 553 (Pa.Super. 2017).

Instantly, Appellant was sentenced on February 27, 2006, and waived all rights to further review.  Notwithstanding his plea agreement to waive appellate and collateral review, Appellant still pursued two prior PCRA petitions without success.  He filed the current PCRA petition on November 1, 2016, which is patently untimely.  **See** 42 Pa.C.S.A. § 9545(b)(1).  Appellant now complains he was incompetent to stand trial at docket 2871-2005, plead guilty at docket 2901-2005, or waive his appellate and collateral review rights in both cases.  Nevertheless, Appellant did not allege any time-bar exception in his PCRA petition.[1]  **See Commonwealth v. Liebensperger**, 904 A.2d 40 (Pa.Super. 2006) (explaining petitioner must specifically plead timeliness exception to invoke jurisdiction over untimely PCRA petition).

Moreover, the record makes clear Appellant underwent a pre-trial competency evaluation on January 24, 2006.  The evaluator opined Appellant was feigning his symptoms to delay proceedings and deemed him competent

---

[1] Appellant insists claims of incompetency cannot be waived, citing **Commonwealth v. Brown**, 582 Pa. 461, 872 A.2d 1139 (2005) and **Commonwealth v. Santiago**, 579 Pa. 46, 855 A.2d 682 (2004) (plurality). Appellant's reliance on those decisions is misplaced, because those cases held the failure to challenge competency on direct appeal did not waive the issue, when it was raised in a **timely** PCRA petition. **See Brown, supra**; **Santiago, supra**. **See also Commonwealth v. Fahy**, 558 Pa. 313, 737 A.2d 214 (1999) (explaining claims raised in **untimely** PCRA petition, which otherwise might not be subject to waiver, must first satisfy exception to PCRA time-bar to overcome jurisdictional hurdle).

for trial.  Thus, Appellant's petition remains untimely.[2]  **See** 42 Pa.C.S.A. §

9545(b)(1)(ii); **Shiloh, supra**.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/22/18

---

[2] **Compare Commonwealth v. Cruz**, 578 Pa. 325, 852 A.2d 287 (2004) (holding claims of mental incompetence **may** satisfy "newly-discovered fact" exception where alleged mental incompetence prevented defendant from raising claims earlier, in timely manner; remanding to afford appellant opportunity to prove that his past incompetence rendered him unable to discover factual bases for collateral claims, and appellant filed PCRA petition within 60 days of becoming competent).