J-S29011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHARIFF BUTLER | : | |
| | : | |
| Appellant | : | No. 1637 EDA 2020 |

Appeal from the PCRA Order Entered July 16, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0409891-2002,
CP-51-CR-0415571-2002, CP-51-CR-0415591-2002,
CP-51-CR-0700562-2002, CP-51-CR-0700571-2002

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHARIFF BUTLER | : | |
| | : | |
| Appellant | : | No. 1638 EDA 2020 |

Appeal from the PCRA Order Entered July 16, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0409891-2002,
CP-51-CR-0415571-2002, CP-51-CR-0415591-2002,
CP-51-CR-0700562-2002, CP-51-CR-0700571-2002

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHARIFF BUTLER | : | |
| | : | |
| Appellant | : | No. 1639 EDA 2020 |

Appeal from the PCRA Order Entered July 16, 2020

J-S29011-21

In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0409891-2002,
CP-51-CR-0415571-2002, CP-51-CR-0415591-2002,
CP-51-CR-0700562-2002, CP-51-CR-0700571-2002

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHARIFF BUTLER | : | |
| | : | |
| Appellant | : | No. 1640 EDA 2020 |

Appeal from the PCRA Order Entered July 16, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0409891-2002,
CP-51-CR-0415571-2002, CP-51-CR-0415591-2002,
CP-51-CR-0700562-2002, CP-51-CR-0700571-2002

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHARIFF BUTLER | : | |
| | : | |
| Appellant | : | No. 1641 EDA 2020 |

Appeal from the PCRA Order Entered July 16, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0409891-2002,
CP-51-CR-0415571-2002, CP-51-CR-0415591-2002,
CP-51-CR-0700562-2002, CP-51-CR-0700571-2002

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED JANUARY 12, 2022**

---

[*] Former Justice specially assigned to the Superior Court.

- 2 -

Shariff Butler appeals, *pro se*, from the order dismissing as untimely his third petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), *see* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Over the course of several days in September 2001, Butler and several accomplices robbed, burglarized and kidnapped Craig Brown and Patricia Mack, because Butler believed that Brown owed him money for drugs. Brown was later found dead with multiple gunshot wounds. On June 10, 2003, a jury found Butler guilty of possession of a controlled substance, attempted burglary, burglary, criminal conspiracy, kidnapping, robbery and carrying a firearm without a license.[1] The trial court subsequently sentenced Butler to an aggregate term of 27½ to 55 years in prison. This Court affirmed Butler's judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Butler*, 869 A.2d 4, 2847 EDA 2003 (Pa. Super., filed December 27, 2004) (unpublished memorandum).

Butler subsequently litigated two unsuccessful PCRA petitions. On February 26, 2016, Butler filed the instant *pro se* PCRA petition, alleging claims based upon *Montgomery v. Louisiana*, 577 U.S. 190 (2016),[2] and

_____

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. §§ 901, 3502, 903, 2901, 3701, 6106.

[2] In *Montgomery*, the United States Supreme Court reviewed its prior decision in *Miller v. Alabama*, 567 U.S. 460, 489 (2012) (declaring unconstitutional mandatory sentences of life without the possibility of parole

*(Footnote Continued Next Page)*

*Alleyne v. United States*, 570 U.S. 99 (2013).[3] Following appropriate notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Butler's petition as untimely filed on July 16, 2020. This timely appeal followed.[4, 5]

_____

for juvenile offenders) and held that the rule espoused in *Miller* must be applied retroactively. *Montgomery*, 577 U.S. at 206.

[3] In *Alleyne*, the United States Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 570 U.S. at 103.

[4] Butler's *pro se* notice of appeal is hand-dated August 13, 2020, and was entered on the docket on August 17, 2020. The thirtieth day following the entry of the PCRA court's order dismissing Butler's PCRA petition was August 15, 2020, a Saturday. Thus, Butler's appeal was timely filed. *See* 1 Pa.C.S.A. § 1908 (providing that "[w]henever the last day of any such period [concerning computation of time] shall fall on a Saturday or Sunday, … such day shall be omitted from the computation.").

[5] Because Butler's notice of appeal listed all five docket numbers, this Court issued a rule to show cause why Butler's appeal should not be quashed in light of *Commonwealth v. Walker*, 185 A.3d 969, 977 (Pa. 2018) (explaining that when an order resolves issues arising on more than one docket, an appellant must file a notice of appeal at each docket, and failure to do so will result in quashal). In response, Butler argued that the trial court in the underlying action addressed all five dockets together and issued a single judgment of sentence. This Court subsequently discharged the rule to show cause and referred the issue to the merits panel. This Court, *sua sponte*, entered an order consolidating Butler's appeals.

The record reflects that Butler's *pro se* notice of appeal identifies all five docket numbers and was filed on each docket. Accordingly, we conclude that Butler has sufficiently complied with the dictates of *Walker*. *See Commonwealth v. Johnson*, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*) (concluding that the appellant complied with *Walker* by filing four separate notices of appeal, one at each docket number).

Prior to reaching the merits of Butler's claims, we must consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> Because the time limitations established by the PCRA are jurisdictional in nature, a court lacks jurisdiction to address the claims raised in an untimely petition. The PCRA provides that a petition for relief must be filed within one year of the date the final judgment is entered. 42 Pa.C.S.A. § 9545(b). A judgment becomes final for purposes of the PCRA at the conclusion of direct review or after the time provided for seeking direct review has lapsed, if no direct review has been taken.

**Commonwealth v. Liebensperger**, 904 A.2d 40, 45 (Pa. Super. 2006) (some internal citations omitted).

Butler's judgment of sentence became final on July 18, 2005, when the time for filing a petition for writ of *certiorari* to the United States Supreme Court expired. **See** SUP. CT. R. 13.1. The instant petition, filed more than a decade later, is patently untimely. Thus, the PCRA court lacked jurisdiction to review Butler's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time bar:

> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 5 -

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within 60 days of the date the claim first could have been presented. *Id.* § 9545(b)(2).[6] "The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions." *Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. 2012).

Butler attempts to invoke the newly-recognized constitutional right exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(iii). *See* Appellant's Brief at 8. Butler argues that the *Montgomery* decision requires retroactive application of *Alleyne*, which Butler believes established a new substantive rule of law. *See id.* at 8-10.[7]

The Pennsylvania Supreme Court has specifically rejected Butler's argument that *Alleyne* was made retroactive through *Montgomery*. *See Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016).

---

[6] On October 24, 2018, the General Assembly amended section 9545(b)(2) in order to extend the time for filing a petition from 60 days to one year from the date the claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 1028-146 (S.B. 915), effective December 24, 2018. The amendment applies to claims arising one year before the effective date of the section, *i.e.*, December 24, 2017. Because Butler's claim arose no later than January 25, 2016, when the *Montgomery* decision was issued, the amendment does not apply.

[7] Butler raises two additional claims in his brief, reiterating his argument in favor of retroactive application of *Alleyne*. *See* Appellant's Brief at 10-24. Butler does not explicitly reference any of the timeliness exceptions set forth in section 9545(b)(1)(i)-(iii) in support of these claims.

Accordingly, Butler has failed to establish the newly-recognized constitutional right timeliness exception.

Accordingly, as Butler has failed to plead and prove an exception to the PCRA's time bar, we affirm the PCRA court's order dismissing his untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/12/2022