J-A17015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KEVIN SILAS :
:
Appellant : No. 1489 EDA 2021

Appeal from the PCRA Order Entered July 1, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0624121-1981

BEFORE: PANELLA, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED SEPTEMBER 21, 2022**

Kevin Silas appeals, *pro se*, from the order dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We conclude Silas' PCRA petition is patently untimely, and he failed to plead and prove an exception to the PCRA's timeliness requirement. We affirm.

In 1982, Silas was convicted of second-degree murder, conspiracy, and robbery and sentenced to life in prison. This Court subsequently affirmed Silas' judgment of sentence. ***See Commonwealth v. Silas***, 547 A.2d 440, No. 00342 PHL 87 (Pa. Super. filed June 14, 1988) (unpublished memorandum). Silas did not seek allowance of appeal with our Supreme Court. In the

_____

[*] Retired Senior Judge assigned to the Superior Court.

following years, Silas filed a profusion of PCRA petitions, supplemental or amended PCRA petitions, and other *pro se* filings bearing various names.

Silas filed the instant *pro se* PCRA petition on March 23, 2018, followed by a multitude of supplemental PCRA petitions and other *pro se* filings. Silas alleged he had recently learned that one of his co-defendants, Rhon Parker, had an open robbery case for an unrelated incident; Silas suggested that Parker received leniency in that case in exchange for implicating Silas in the instant case.[1, 2] Silas asserted this information constituted ***Brady***[3] material, which the Commonwealth allegedly concealed prior to his trial. The PCRA court issued a Pa.R.Crim. 907 notice of its intention to dismiss Silas' petition without a hearing. Silas filed a *pro se* response. On July 1, 2021, the PCRA court dismissed Silas' petition, and this timely appeal followed.

Our appellate review of the denial of PCRA relief "is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. Super. 2012) (citation omitted).

_____

[1] In his *pro se* PCRA petition, Silas alleged that Parker's other robbery case stemmed from an incident that took place in December 1980, the month after the offenses underlying the instant case. Silas does not clearly indicate what the status of Parker's second case was at the time of Silas' trial in this matter.

[2] Notably, Parker invoked his Fifth Amendment right against self-incrimination and did not testify at Silas' trial. ***See Silas***, 547 A.2d 440 (unpublished memorandum at 16).

[3] ***See Brady v. Maryland***, 373 U.S. 83 (1963).

Prior to reaching the merits of Silas' claims, we must consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> Because the time limitations established by the PCRA are jurisdictional in nature, a court lacks jurisdiction to address the claims raised in an untimely petition. The PCRA provides that a petition for relief must be filed within one year of the date final judgment is entered. A judgment becomes final for purposes of the PCRA at the conclusion of direct review or after the time provided for seeking direct review has lapsed, if no direct review has been taken.

**Commonwealth v. Liebensperger**, 904 A.2d 40, 45 (Pa. Super. 2006) (internal citations and quotation marks omitted); **see also** 42 Pa.C.S.A. § 9545(b)(1), (3).

Here, Silas' judgment of sentence became final in July 1988, when the time for filing a petition for allowance of appeal with our Supreme Court had expired. **See** Pa.R.A.P. 1113(a). Because Silas filed the instant PCRA petition nearly three decades later, the petition is patently untimely. Accordingly, the PCRA court lacked jurisdiction to review Silas' petition unless he was able to plead and prove one of the statutory exceptions to the PCRA's time-bar:

> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

> of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim first could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2). "The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions." *Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. 2012).

Silas attempts to invoke the government interference exception at 42 Pa.C.S.A. § 9545(b)(1)(i) and the newly-discovered fact exception at section 9545(b)(1)(ii).[4] Silas now renews his assertions that the Commonwealth violated *Brady* by failing to disclose Parker's prior offenses or any possible deal Parker may have received in that case. *See* Appellant's Brief at 1-9. Silas claims the Commonwealth "willingly suppressed and withheld that information," *id.* at 5, and his failure to raise this claim previously was therefore the result of government interference.

A *Brady* violation may implicate the government interference exception if the petitioner establishes that "the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence."

---

[4] Silas cites both exceptions in his PCRA petition and his appellate brief; however, he discusses them simultaneously in his brief.

*Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008). Similarly, to invoke the newly-discovered fact exception based on an alleged *Brady* violation, an appellant must establish that the facts upon which the *Brady* claim is predicated were unknown to the appellant and could not have been ascertained sooner through the exercise of due diligence. *See Commonwealth v. Lambert*, 884 A.2d 848, 852 (Pa. 2005).

Silas claims he first learned about Parker's additional robbery charges in February 2018 after a conversation with prison staff. *See* Appellant's Brief at 2. However, Silas does not clearly articulate why he could not have obtained the "fact" of Parker's charges at an earlier time through the exercise of due diligence. *See Abu-Jamal*, 941 A.2d at 1268; *Lambert*, 884 A.2d at 852; *see also Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) ("Due diligence demands that the petitioner take reasonable steps to protect his own interests."). Further, Silas' contentions that the Commonwealth was engaged in a three-decades-long effort to actively conceal information about Parker's criminal history are wholly speculative and unsupported by the record. Accordingly, Silas failed to successfully invoke the PCRA court's jurisdiction by pleading and proving an exception to the PCRA's time-bar.[5] We

---

[5] Moreover, Silas has not established the existence of any deal Parker received in a separate case in exchange for implicating Silas in the instant case. Nor does Silas explain why the fact of Parker's criminal charges in an unrelated matter would have been exculpatory in his own trial. *See generally Lambert*, 884 A.2d at 854 (explaining that a successful *Brady* claim requires
*(Footnote Continued Next Page)*

therefore affirm the PCRA court's order dismissing Silas' untimely serial PCRA petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2022

---

a petitioner to establish "the evidence was favorable to the accused, either because it is exculpatory or because it impeaches; the evidence was suppressed by the prosecution, either willfully or inadvertently; and prejudice ensued." (citation and quotation marks omitted)).