J-S39015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DUANE LEE FREY | : | |
| | : | |
| Appellant | : | No. 722 MDA 2022 |

Appeal from the PCRA Order Entered April 14, 2022
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0001293-2003,
CP-67-CR-0005052-2002

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DUANE LEE FREY | : | |
| | : | |
| Appellant | : | No. 723 MDA 2022 |

Appeal from the PCRA Order Entered April 14, 2022
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0001293-2003,
CP-67-CR-0005052-2002

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED JANUARY 25, 2023**

Duane Lee Frey appeals, *pro se*, from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), **see** 42 Pa.C.S.A. §§ 9541-9546. Because Frey's PCRA petition is patently untimely and fails to invoke any of the three exceptions to the PCRA's time-bar, we

affirm. Further, as discussed below, we deny Frey's application seeking an extension of time to file a reply brief.

The Commonwealth alleged that Frey bought crack cocaine from Hopethan Johnson and later smoked it with Johnson and another man, Stacey Farmer, at Farmer's residence. On May 26, 2002, Johnson left his house to meet friends for a motorcycle ride, but he was never seen again. Shortly after Johnson left, one of Farmer's neighbors called police to report multiple gunshots in the area of Farmer's house. Police later found Johnson's motorcycle near a building where Frey worked. After his arrest, Frey admitted to police that he killed the victim and burned the car. Police also found Farmer dead in his driveway after Frey's arrest.

In April 2003, a jury convicted Frey of first-degree murder, arson, receiving stolen property, and tampering with evidence.[1] Johnson's body had not yet been discovered at the time of trial. The trial court sentenced Frey to the mandatory term of life in prison. This Court affirmed Frey's judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal on December 20, 2005. **See Commonwealth v. Frey**, 872 A.2d 1270, 953 MDA 2003 (Pa. Super. Jan. 21, 2005) (unpublished memorandum), **appeal**

---

[1] Criminal homicide had been charged separately at trial court docket No. CP-67-CR-0005052-2002, but the cases were consolidated for trial.

- 2 -

*denied*, 890 A.2d 1056 (Pa. 2005). Frey did not file a petition for writ of *certiorari* with the United States Supreme Court.

Frey filed his first, timely PCRA petition on August 7, 2006, which the PCRA court denied after a hearing.

In 2008, skeletal remains were found near the Susquehanna River, and DNA testing later identified the remains as those of Johnson. Frey filed a PCRA petition in July 2010, seeking a new trial based on this after-discovered DNA evidence. Frey also filed a discovery request related to the petition. The PCRA court granted Frey's discovery request and directed the Commonwealth to provide all requested discovery within 14 days.[2] Frey filed a second motion to compel discovery, which was also granted. Ultimately, the PCRA court concluded the after-discovered evidence did not entitle Frey to relief under the PCRA. This Court affirmed the denial of Frey's PCRA petition, and our Supreme Court denied allowance of appeal. **See Commonwealth v. Frey**, 135 A.3d 661, 169 MDA 2015 (Pa. Super. Filed Dec. 16, 2015) (unpublished memorandum), **appeal denied**, 136 A.3d 979 (Pa. 2016).

On May 10, 2021, Frey filed a *pro se* "Motion to Open and Vacate Order/Sentence Pursuant to 42 Pa.C.S.A. § 5505." Therein, Frey generally

_____

[2] The Commonwealth appealed the order granting Frey's request for discovery. This Court affirmed the PCRA court's order. **See Commonwealth v. Frey**, 41 A.3d 605 (Pa. Super. 2012). Our Supreme Court denied allowance of appeal.

referenced the existence of newly-discovered facts and possible **Brady**[3] violations. The PCRA court, construing the *pro se* filing as a PCRA petition, issued notice of its intention to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. Frey filed objections.

On January 6, 2022, Frey filed the instant, *pro se* PCRA petition identifying several challenges to PCRA counsel's representation. Frey also cited **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), as a newly-discovered fact.[4] **See Bradley**, 261 A.3d at 401 (Pa. 2021) (holding that "a PCRA petitioner may, after a PCRA court denies relief and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." (footnote omitted)). Frey later filed an amended PCRA petition raising several more ineffective assistance of counsel claims. On April 13, 2022, the PCRA court dismissed Frey's petition as untimely filed.[5]

---

[3] **Brady v. Maryland**, 373 U.S. 83 (1963).

[4] Frey does not reference our Supreme Court's decision in **Bradley** again in his appellate brief. We nevertheless note that "judicial decisions do not constitute new 'facts' for purposes of the newly-discovered [fact] exception set forth in Section 9545(b)(1)(ii)." **Commonwealth v. Kretchmar**, 189 A.3d 459, 467 (Pa. Super. 2018) (citation omitted). Moreover, unlike the instant case, **Bradley** involved a timely first PCRA petition.

[5] Frey filed a *pro se* motion asking the court to join the Motion to Open and Vacate and his PCRA petition for review. In its April 13, 2022 order, the PCRA court denied the motion for joinder as moot because the order disposed of all petitions before the court.

Frey filed a timely notice of appeal at each docket number, as well as a Pa.R.A.P. 1925(b) concise statement of issues complained of on appeal. This Court consolidated the appeals *sua sponte*.

"This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Rizvi***, 166 A.3d 344, 347 (Pa. Super. 2017) (citation omitted).

Prior to reaching the merits of Frey's claims, we must consider the timeliness of his PCRA petition. ***See Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014).

> Because the time limitations established by the PCRA are jurisdictional in nature, a court lacks jurisdiction to address the claims raised in an untimely petition. The PCRA provides that a petition for relief must be filed within one year of the date final judgment is entered. A judgment becomes final for purposes of the PCRA at the conclusion of direct review or after the time provided for seeking direct review has lapsed, if no direct review has been taken.

***Commonwealth v. Liebensperger***, 904 A.2d 40, 45 (Pa. Super. 2006) (internal citations and quotation marks omitted); 42 Pa.C.S.A. § 9545(b)(1), (3).

Here, Frey's judgment of sentence became final in March 2006, when the time for filing a petition for writ of *certiorari* with the United States Supreme Court. ***See*** SUP. CT. R. 13. Therefore, Frey had until March 2007 to file a timely PCRA petition. Because Frey did not file the instant PCRA petition until January 6, 2022, the petition is patently untimely. Accordingly, the PCRA

court lacked jurisdiction to review Frey's petition unless he was able to plead and prove one of the statutory exceptions to the PCRA's time-bar:

> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim first could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(2). "The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions." **Commonwealth v. Jones**, 54 A.3d 14, 17 (Pa. 2012).

We will address Frey's claims together. First, Frey claims the Commonwealth withheld information about a plea deal offered to one of its witnesses, Holly Strasbaugh, in exchange for her testimony. **See** Appellant's Brief at 5 (unnumbered). According to Frey, the fact of Strasbaugh's plea deal was not known to him because he was in prison. **See id.** In his second issue, Frey argues that affidavits submitted by Jody Williams and Akashia Seiple constitute newly-discovered facts, and the PCRA court incorrectly found that

- 6 -

he could have discovered these new "facts" sooner. *See id.* at 6-7 (unnumbered). Additionally, Frey claims his counsel was ineffective for failing to investigate these issues sooner. *See id.* at 5-7 (unnumbered). Williams, Frey's girlfriend and known as Jody Bair at the time of his arrest, stated in her affidavit that the police and the assistant district attorney forced her to testify falsely that Frey had a gun in his truck. *See* Appellant's Brief, Exhibit 2. Seiple's written statement detailed her recollection of the layout of Farmer's home. *See id.*, Exhibit 3.

In both issues, Frey attempts to invoke the newly-discovered fact exception at 42 Pa.C.S.A. § 9545(b)(1)(ii). This exception "requires that the facts upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence." *Commonwealth v. Burton*, 158 A.3d 618, 628 (Pa. 2017) (citation and quotation marks omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010).

Frey fails to establish, as is his burden, that the "facts" of Strasbaugh's plea agreement or the content of Williams's and Seiple's affidavits were previously unknown to him and could not have been ascertained sooner through the exercise of due diligence. As Frey acknowledges in his brief, counsel asked Strasbaugh whether she had been offered inducement in exchange for her testimony, and she replied in the negative. *See* Appellant's

Brief at 5. To the extent he believes Strasbaugh offered false testimony, this "fact" should have been known to him in 2003, and he has failed to establish he acted with due diligence to raise this issue. Further, Frey fails to establish that he acted diligently in obtaining the statements from Williams and Seiple sooner; instead, he reminds us that he has been in prison. *See Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) ("[T]he focus of this exception is on newly discovered facts, not on a newly discovered or newly willing source for previously known facts." (citation and quotation marks omitted)). As with Strasbaugh, Frey was aware of the veracity of Williams's testimony in 2003. Finally, while we are uncertain as to the relevance of Seiple's statement, we note that the significant parts of the statement place Frey at Farmer's house and describe the layout of the ground floor. Even if we accept Seiple's statement as credible, it establishes that Frey was equally aware of the layout of Farmer's house prior to trial.

Frey also vaguely challenges his counsel's representation, as he did in his *pro se* PCRA petition. However, Frey fails to set forth and discuss the three requirements necessary for evaluating an ineffective assistance of counsel claim. *See Commonwealth v. Bracey*, 795 A.2d 935, 940 n.4 (Pa. 2001) (stating that "an undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy [an a]ppellant's burden of establishing that he is entitled to any relief."). Moreover, "a claim of ineffective assistance of counsel does not

save an otherwise untimely petition for review on the merits." **Commonwealth v. Morris**, 822 A.2d 684, 698 (Pa. 2003). Therefore, Frey's claims do not entitle him to relief.

Frey's PCRA petition is facially untimely, and he has failed to successfully plead and prove any of the timeliness exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Accordingly, we affirm the denial of PCRA relief.[6]

Order affirmed. Application for Relief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/25/2023

_____

[6] On January 3, 2023, Frey filed with this Court a *pro se* "Motion for Emergency Injunctive Relief" arguing that he was never served with a copy of the Commonwealth's appellate brief, and therefore, he had been denied his right to file a reply brief. We recognize appellants have a general right to file a reply brief, but the contents of a reply brief are limited to matters raised by the appellee that were not addressed in the appellant's brief. **See** Pa.R.A.P. 2113(a) and Note. We have reviewed the Commonwealth's brief, which raises no new matters not previously addressed by Frey. Therefore, we deny Frey's application for relief.