J-S29014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCUS LEE GRAHAM | : | |
| | : | |
| Appellant | : | No. 281 MDA 2023 |

Appeal from the PCRA Order Entered January 27, 2023
In the Court of Common Pleas of Berks County
Criminal Division at CP-06-CR-0003377-2005

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCUS LEE GRAHAM | : | |
| | : | |
| Appellant | : | No. 282 MDA 2023 |

Appeal from the PCRA Order Entered January 27, 2023
In the Court of Common Pleas of Berks County
Criminal Division at CP-06-CR-0003378-2005

BEFORE: MURRAY, J., KING, J., and COLINS, J.*

MEMORANDUM BY MURRAY, J.:      **FILED: OCTOBER 10, 2023**

Marcus Lee Graham (Appellant) appeals *pro se* from the orders dismissing his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

---

* Retired Senior Judge assigned to the Superior Court.

In 2005, Appellant and his accomplices detained Jonathan Yocum (Yocum) over a two-day period, during which they

> took money from Yocum's bank account and stole items from his home, including jars of change and a video game system. Finally, they wrapped Yocum's face in [plastic] wrap and duct tape, then shot him in the head. They left Yocum's body in the back of his car in a condominium complex parking lot.

*Commonwealth v. Graham*, 990 A.2d 44, 631 and 632 MDA 2008 (Pa. Super. filed Dec. 2, 2009) (unpublished memorandum at 2). On October 19, 2007, Appellant entered guilty pleas, at on two criminal informations, to first-degree murder, robbery, conspiracy, kidnapping, and burglary.[1] The trial court sentenced Appellant to an aggregate term of life plus 40 – 80 years in prison. This Court affirmed Appellant's judgment of sentence on December 9, 2009. *See id.* Appellant sought an extension of the time to file a petition for discretionary review in the Pennsylvania Supreme Court, which was denied.

Thereafter, Appellant unsuccessfully litigated three PCRA petitions. *See Commonwealth v. Graham*, 108 A.3d 127, 619 and 620 MDA 2014 (Pa. Super. filed Oct. 31, 2014) (unpublished memorandum), *appeal denied*, 112 A.3d 650 (Pa. 2015); *Commonwealth v. Graham*, 170 A.3d 1241, 1583 MDA 2016 (Pa. Super. filed May 22, 2017) (unpublished memorandum);[2] *Commonwealth v. Graham*, 268 A.3d 405, 385 and 386 MDA 2021 (Pa. Super. filed Nov. 5, 2021) (unpublished memorandum).

---

[1] 18 Pa.C.S.A. §§ 2501(a), 3701(a)(1)(i), 903, 2901(a)(3), 3502(a).

[2] Only one docket number appears in the caption of the 2017 appeal.

On August 10, 2022, Appellant *pro se* filed the instant PCRA petition, citing the Pennsylvania Supreme Court's decision in ***Commonwealth v. Bradley***, 261 A.3d 381, 401 (Pa. 2021) (holding "a PCRA petitioner may, after a PCRA court denies relief and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." (footnote omitted)).  The Commonwealth filed a response, after which the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing.  Appellant filed a *pro se* response.  On January 27, 2023, the PCRA court dismissed Appellant's petition as untimely.

Appellant filed a timely notice of appeal at each docket, with each notice identifying both docket numbers.[3, 4]  Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

> 1. Did the PCRA court err when [it] decided the new rule of procedure announced in … ***Bradley*** … did not create nor trigger a timeliness exception pursuant to 42 Pa.C.S.A. § 9545(b)(1)(iii), when the arbitrariness to raise ineffective assistance of PCRA counsel claims upon the denial of initial collateral review was not

---

[3] We acknowledge that our Supreme Court's decision in ***Commonwealth v. Walker***, 185 A.3d 969, 971 (Pa. 2018), requires an appellant to file separate notices of appeal from single orders that resolve issues on more than one docket.  However, because Appellant's *pro se* notices of appeal identified both dockets, we decline to quash his appeal on this basis.  ***See Commonwealth v. Johnson***, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*) (holding that where separate notices of appeal are filed at multiple docket numbers, the inclusion of multiple docket numbers on each notice of appeal does not invalidate the notices of appeal).

[4] This Court consolidated the appeals *sua sponte*.

available to Appellant at the time of his denial for PCRA relief by the PCRA court on initial collateral review and the unavailability of arbitrariness denied Appellant his right to raise [the claim that] he was denied his Sixth [Amendment] right under the United States Constitution to effective assistance of PCRA counsel pursuant to **Gideon v. Wainwright**, 372 U.S. 335 … (1963)?

2. Did the PCRA court err when [it] decided the new rule of procedure announced in … **Bradley** … did not create nor trigger a timeliness exception pursuant to 42 Pa.C.S.A. § 9545(b)(1)(iii), when the Pennsylvania Supreme Court has not made clear in a published opinion **Bradley**'s holding has retroactive applicability?

Appellant's Brief at 5.

Prior to reaching the merits of Appellant's claims, we must consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014). The PCRA's timeliness requirements are jurisdictional, and courts lack jurisdiction to address claims raised in untimely petitions. **See Commonwealth v. Liebensperger**, 904 A.2d 40, 45 (Pa. Super. 2006). A PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final, for purposes of PCRA review, "at the conclusion of direct review, including discretionary review in the … Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** § 9545(b)(3).

It is undisputed that Appellant's PCRA petition is untimely, as his judgment of sentence became final in January 2010. A court may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition invoking an exception "shall be filed within one year of the date the claim

could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "The PCRA petitioner bears the burden of proving that applicability of one of the exceptions." ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017).

We address Appellant's issues together. In his first issue, Appellant argues he was unaware that he could challenge PCRA counsel's effectiveness on direct appeal from the denial of his first PCRA petition. ***See*** Appellant's Brief at 7, 10-12. He also avers PCRA counsel's ineffective representation was not apparent until the conclusion of this Court's appellate review. ***Id.*** at 12. Recognizing that ***Bradley*** was decided several years after his first PCRA petition was dismissed, Appellant argues he "was capriciously denied the arbitrary opportunity" to raise an ineffective assistance of PCRA counsel claim in a timely petition. ***Id.*** at 13. Appellant contends the ***Bradley*** holding should be retroactively applied in the interest of fairness. ***Id.***

Second, Appellant claims the PCRA court erred by concluding ***Bradley*** did not trigger the newly-recognized constitutional right exception to the PCRA's time-bar. ***Id.*** at 19. Appellant asserts the ***Bradley*** Court did not specifically preclude retroactive application of its holding. ***Id.*** at 22.

In both issues, Appellant attempts to invoke the newly-recognized constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii). Our Supreme Court has explained:

> First, [the exception] provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania,] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus,

- 5 -

a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

**Spotz**, 171 A.3d at 679 (citation omitted).

The Supreme Court in **Bradley** clarified, "an approach favoring the consideration of ineffectiveness claims of PCRA counsel on appeal (if the first opportunity to do so) does not sanction extra-statutory serial petitions." **Bradley**, 261 A.3d at 403. Additionally, the Court explained its decision would not constitute a "new fact" for purposes of the timeliness exception at 42 Pa.C.S.A. § 9545(b)(1)(ii). **Id.** at 403 n.18.

This Court has observed, "Nothing in **Bradley** creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right." **Commonwealth v. Stahl**, 292 A.3d 1130, 1136 (Pa. Super. 2023). Although this Court has not addressed the applicability of **Bradley** with as to the newly-asserted constitutional right exception in a published decision, several unpublished decisions have rejected the argument. We have stated:

> **Bradley** … did not announce a new constitutional right, much less one applicable retroactively. **See, e.g.**, **Commonwealth v. Johnson**, 2023 WL 2379233 (Pa. Super. 2023) (unpublished memorandum) (noting "although **Bradley** did not specifically address the timeliness exception upon which appellant relies, it is clear **Bradley** did not recognize a new constitutional right, **id.** at *4); **Commonwealth v. Dixon**, 2022 WL 17973240 (Pa. Super. 2022) (unpublished memorandum) (holding **Bradley** does not

trigger the timeliness exception of Section 9545(b)(1)(iii));
**Commonwealth v. Parkinson**, 2022 WL 5237927 (Pa. Super.
2022) (holding "**Bradley** did not create a new, non-statutory
exception to the PCRA time bar," **id.** at *3).

**Commonwealth v. Ruiz-Figueroa**, 1531 EDA 2022 (Pa. Super. filed June 22, 2023) (unpublished memorandum at *5) (some brackets omitted).[5]

Because Appellant has not successfully invoked an exception to the PCRA's timeliness requirements, this Court, like the PCRA court, lacks jurisdiction to consider the merits of Appellant's issues. Accordingly, we affirm the dismissal of Appellant's fourth PCRA petition.

Order affirmed.
Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/10/2023

---

[5] **See** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).