J-S40008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BARBARA HELLEN ROGERS | : | |
| | : | |
| Appellant | : | No. 1177 EDA 2024 |

Appeal from the PCRA Order Entered March 28, 2024
In the Court of Common Pleas of Monroe County
Criminal Division at No:  CP-45-CR-0002045-2017

BEFORE:  STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 18, 2025**

Appellant, Barbara Hellen Rogers, appeals *pro se* from the order of the Court of Common Pleas of Philadelphia County dismissing her petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The factual and procedural background are not in dispute.  Briefly, on March 19, 2019, following a jury trial, Appellant was convicted of murder in the third degree.  After the trial court denied Appellant's post sentence motion, Appellant filed a direct appeal with our Court.  We affirmed the judgment of sentence on February 23, 2021.  ***See Commonwealth v. Rogers***, No. 3048 EDA 2019, unpublished memorandum (Pa. Super. filed February 23, 2021). There is no indication that Appellant sought further review before our Supreme Court.

Appellant filed the underlying PCRA petition on October 5, 2022. The PCRA court appointed counsel to represent Appellant in the PCRA proceedings. On March 14, 2023, appointed counsel filed a motion to withdraw along with a **Turner**/**Finley**[1] letter in the PCRA court. The PCRA court granted the motion on August 11, 2023.

On January 31, 2024, the PCRA court issued a Pa.R.Crim.P. 907 Notice informing Appellant of its intent to dismiss her PCRA petition. On March 28, 2024, the PCRA court dismissed the underlying petition. This appeal followed.

On appeal, Appellant argues that the "PCRA court erred in dismissing Appellant's First-PCRA Petition under jurisdictional time-bar, 42 Pa.C.S.A. Section 9545(b). The Appellant argues that due to her mental incompetence she was prevented from filing her Petition on time." Appellant's Brief at i.[2] We disagree.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

[2] Appellant raises seven claims for our review. Only the first one addresses the timeliness of the underlying petition. The six additional claims all involve substantive matters. Because we cannot address the merits of her contentions unless the underlying petition is timely, we address timeliness first.

within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008).

Generally,

[b]road claims of mental illness do not satisfy a statutory exception to the PCRA time-bar. In *Commonwealth v. Cruz*, 578 Pa. 325, 852 A.2d 287 (2004), our Supreme Court carved out a narrow exception to the general rule where a PCRA petitioner's mental incompetence prevented him from filing a timely PCRA petition. The appellant in *Cruz* shot and killed a number of victims before turning his handgun on himself and attempting to commit suicide. The appellant survived, but he sustained a severe brain injury that left him essentially lobotomized. The appellant entered a plea of *nolo contendere* to three counts of second-degree murder, and the court sentenced him to consecutive terms of life imprisonment for each offense. At the time of the plea, the parties informed the court that the appellant was pleading *nolo contendere* because he was unable to express emotions or discuss the facts of the case in any sensible way due to his brain injury. Almost six years later, the appellant filed a PCRA petition alleging his brain injury had rendered him incompetent and prevented him from participating in his own defense. The appellant further alleged that his brain injury had been slowly resolving in the months just before he filed his PCRA petition. The *Cruz* Court

- 3 -

recognized that the PCRA does not include an exception for mental incapacity but held in some circumstances, claims that were defaulted due to the PCRA petitioner's mental incompetence may qualify under the statutory [newly-discovered fact] exception.

Thus, the general rule remains that mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements. Consequently, Pennsylvania courts have continued to construe narrowly the limited holding in *Cruz*.

*Commonwealth v. Shaw*, 217 A.3d 265, 270-71 (internal citations and quotation marks omitted).

With respect to the newly-discovered fact exception,

[this Court has stated it] requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations and quotation marks omitted).

While Appellant's claim is stated as arguing her mental incompetence prevented her from timely filing the underlying petition, the argument in support of that claim has nothing to do with that claim. In fact, she argues that the reason she only filed the underlying petition in 2022 is because she allegedly first learned of her medical condition in 2022. There are no facts or allegations that her medical condition prevented her from timely filing the underlying petition. Thus, to the extent that Appellant claims that her medical

condition prevented her from timely filing the underlying petition, the claim has not been properly preserved or raised before us.[3]  Accordingly, as the PCRA court did below, we will address the claim actually argued, *i.e.*, the medical report she received in 2022 qualifies as a newly-discovered fact.

Here, the PCRA court determined in its Pa.R.A.P. 1925(a) opinion that Appellant failed to prove the requirements of the newly-discovered fact exception.

> Although [Appellant] acknowledges that her [petition is] untimely, she alleges that she discovered new medical evidence on August 20, 2022[,] which "would have changed the outcome of her trial." The evidence is a radiology report, dated April 11, 2017 ("Report")[,] which [Appellant] attached to her [p]etition as "Exhibit 1".  In reviewing the Report, the "Findings" section references the pineal cyst as well as well as the "mild bifrontal atrophy" and "minimal periventricular white matter disease compatible with chronic small vessel microvascular ischemic change" that [Appellant] describes as "organic brain damage".
>
> [Appellant] alleges several reasons that she could not have acquired the Report prior to trial:
>
> a. Between April 11, 2017[,] when the [R]eport was written[,] and July 15, 2017[,] when she was arrested[,] [Appellant] had no reason to acquire her medical records because her criminal

---

[3] To the extent that it is not abandoned, no relief is due under *Cruz*. *See Commonwealth v. Monaco*, 996 A.2d 1076, 1083 (Pa. Super. 2010) ("Significantly, Appellant does not allege his PTSD impaired his mental ability to raise or communicate his claim; thus, Appellant's PTSD diagnosis does not fall within the narrow *Cruz* holding."); *Commonwealth v. Liebensperger*, 904 A.2d 40 (Pa. Super. 2006) (holding appellant's inability to offer evidence pointing to moment when he passed from incompetence to competence distinguished his case from *Cruz*; further, appellant made no assertions, and nothing in record indicates, that appellant's condition was one that improved or changed and restored him to degree of competence required to file PCRA petition).

case had not begun yet. Even if she had requested the [R]eport the day she had the MRI performed, she still would not have gotten the [R]eport to her home in the 3 months and 4 days before she was incarcerated. Further, [Appellant] could not have safely kept her medical records in her home because she lived with the victim, who deprived her of her right to privacy.

b. When [Appellant] had a medical appointment with her "general doctor" on June 1, 2017, he mentioned only the pineal cyst and not the "organic brain damage."

c. One month before the shooting, [Appellant] "missed her appointment with the neurologist because she was not allowed to leave the house" on June 15, 2017.

d. Prison Regulation 164.524 prevented [Appellant] from acquiring her medical records beginning July 15, 2017[,] when her incarceration began. . . .

. . . .

[Appellant]'s petition asserts that once she "wanted to learn more her pineal cyst" she requested the Report on July 27, 2022, more than five years after the initial MRI was performed. [Appellant] received the Report approximately two weeks later at Cambridge Springs prison on August 10, 2022. [Appellant] further asserts that she, "just had a very strong feeling to request her medical records," and that she was able to receive them because prison officials "don't pay any attention to inmate's mail" despite their obligation to do so.

PCRA Court's Notice of Disposition Without a Hearing, 1/31/24, at 2-4 (internal

citations to the PCRA petition omitted).

Against this background, the PCRA court made the following findings

and conclusions:

[The PCRA court] does not find [Appellant]'s argument convincing, nor [does it] find that [Appellant] exercised due diligence. Although a defendant need not exercise "perfect vigilance nor punctilious care," [Appellant] here has not shown even the

- 6 -

required "reasonable efforts" to uncover facts she believes may have supported her claim. Having undergone the MRI, [Appellant] was aware that she would have records from the test. However, she did not request the Record, nor does she allege she asked her trial counsel to acquire the documents. Although she alleges that it takes a lengthy period of time to acquire any such records, [Appellant] also states that she received her records within approximately two weeks of requesting them. However, she did not so until July 27, 2022. [Appellant] has failed to show that she exercised due diligence in obtaining her MRI record and results.

*Id.* at 4 (internal citations omitted).

We agree with the PCRA court's analysis and conclusions. We also note that the new facts alleged here were known to Appellant. The mere fact Appellant did not act on the information does not make information unknown to her. The information was available to her since 2017. Yet, she decided to know more about it only in 2022. Furthermore, the report requested and obtained in 2022 is not a new fact but simply another source for previously known facts.

While Appellant lists several reasons for why she was not able to get the Report earlier, none of these reasons actually prevented her from getting the Report earlier. Indeed, Appellant does not state so.

Finally, Appellant pleaded no facts concerning the efforts she took to discover this "new" fact. In sum, Appellant has no explanation for not getting the Report earlier, other than the desire to get it came to her in 2022 as opposed to years earlier.

In light of the foregoing, we conclude that the underlying petition is untimely, and that Appellant failed to prove the newly-discovered facts exception. As such, we cannot entertain the merits of the underlying petition.[4]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/18/2025

---

[4] As noted above, Appellant raised several substantive claims, which cannot address for lack of jurisdiction. **See Chester**, **supra**. To the extent they can be deemed reviewable, the underlying claims are without merits for the reasons stated in the PCRA court's opinion filed June 7, 2024. We direct, therefore, that a copy of that opinion be filed along with this memorandum.